No. 21,863.

SOL ROTH and JESSE LANGFORD, *Appellees*, v. W. J. HOLMAN, *Appellant.*

### SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Limitation of Action—Absence from State.* The statute of limitations is held not to have run on the plaintiff's claim, because of the interruption caused by the personal absence of the defendant from the state, notwithstanding his continued maintenance of a residence here.

Appeal from Stevens district court; GEORGE J. DOWNER, judge. Opinion filed July 5, 1919. Affirmed.

*W. E. Eddy,* of Hugoton, and *F. S. Macy,* of Liberal, for the appellant.

*H. F. Brown,* of Hutchinson, for the appellees.

The opinion of the court was delivered by

MASON, J.: Sol Roth and Jesse Langford were sureties on a note for W. J. Holman. On May 30, 1912, they paid it. On November 29, 1916, they brought action against Holman for reimbursement. The sole defense interposed was the statute of limitations. A verdict was directed for the plaintiffs, on which judgment was rendered. The defendant appeals.

The parties disagree as to what statute of limitations is applicable. The defendant asserts that the period is three years, the plaintiffs five. We shall assume that the theory of the defendant in this regard is correct. He testified that in March, 1912, he left Kansas, and between then and the time the action was begun was absent from the state two years, although maintaining a residence here during the entire period. He was, therefore, by his own statement, personally in the state

for only two years and nine months after the cause of action had accrued by the payment of the note, and before the action was brought. Consequently, the claim was not outlawed, inasmuch as the statute did not run while he was outside of the state, notwithstanding summons might have been served upon him at any time by the leaving of a copy at his place of residence. (*Mary E. Lane, Adm'r, v. The National Bank of the Metropolis,* 6 Kan. 74; *Gibson v. Simmons,* 77 Kan. 461, 94 Pac. 1013.)

The judgment is affirmed.