[Civ. No. 16032. Second Dist., Div. Two. Dec. 12, 1947.]

ANGELA B. SCHNEIDER, Respondent, v. VIRGINIA E. SCHNEIDER, as Administratrix, etc., Appellant.

George I. Devor for Appellant.

Overton, Lyman, Plumb, Prince & Vermille, Irving H. Prince and Donald H. Ford for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover the amount of a rejected claim filed with defendant as administratrix of the estate of J. Walter Schneider, deceased, defendant appeals.

The undisputed facts are these:

J. Walter Schneider died intestate on December 14, 1944. Defendant is the administratrix of his estate. Plaintiff filed a claim against the estate predicated upon a promissory note dated November 15, 1939, payable on or before one year from its date. Defendant rejected the claim and plaintiff filed suit thereon December 19, 1945. Recognizing that the statute of limitations had apparently run, she sought to avoid such defense by alleging that between November 15, 1940, and the date of the death of decedent on December 14, 1944, he was out of the State of California for periods of time which aggregated in excess of 40 days.

It is conceded that decedent was, after the maturity of the note, out of the State of California for periods aggregating more than 40 days, and that such absences were due to his being on business trips for his employer and while he was on a honeymoon. The trial court held that the statute of limitations was tolled during the temporary absences of decedent from the State of California.

■ This is the sole question presented for our determination:

*Did the temporary absences of decedent from the state upon the business of his employer and while he was on his honeymoon constitute a departure from the State of California sufficient to toll the statute of limitations in accordance with the provisions of section 351, Code of Civil Procedure?*

This question must be answered in the affirmative. Section 351, Code of Civil Procedure reads in part as follows: ". . . if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action." Predicated on the foregoing statute it has been held in California that the absence of a debtor from the state tolls the statute of limitations as to him for the aggregate period of his absence. The reasons for the absence of the debtor from the state are immaterial. The important thing is that the debtor is absent from the state and cannot be served with a complaint and summons for the purpose of conferring upon the court jurisdiction to enter a personal judgment against him. (*Rogers* v. *Hatch* (1872), 44 Cal. 280, 288; *Watt* v. *Wright* (1884), 66 Cal. 202, 205 [5 P. 91].) The rule announced in these cases has never been overruled and is binding upon this court. The mere fact that it has not been questioned in over 63 years is cogent evidence of its soundness and recognition by the legal profession in this state.

■ It is settled that if a rule of law is clearly established by the decisions of the courts of California we are not at liberty to overrule it in favor of one followed in decisions of other states. (*Ahlborn* v. *Peters*, 37 Cal.App.2d 698, 705 [100 P.2d 542]; *Brown* v. *Davis*, 84 Cal.App. 180, 184 [257 P. 877].) Hence cases from other states which state a contrary rule relied on by defendant are of no value in deciding the question presented to us. Such cases cited by defendant are: *Sage* v. *Hawley*, 16 Conn. 106 [41 Am.Dec. 128]; *Dorus* v. *Lyon*, 92 Conn. 55 [101 A. 490]; *Blodgett* v. *Utley*, 4 Neb. 25; *Webster* v. *Citizens' Bank*, 2 Neb.Unof. 353 [96 N.W. 118]; *Aronow* v. *Bishop*, 112 Mont. 611 [120 P.2d 423]; *Barney* v. *Oelrichs*, 138 U.S. 529 [11 S.Ct. 414, 34 L.Ed. 1037].

Applying the rule in California to the facts of the present case, it is evident that the statute of limitations had not run against the note which was the basis of this suit. It was due November 15, 1940, and the date of decedent's death was December 14, 1944. Hence, subtracting 40 days from this period,

the four years had not elapsed at the date of the maker's death, and the statute of limitations had not run against his obligation at that time.

The judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 9, 1948.