[Civ. No. 24860.   Second Dist., Div. One.   Apr. 5, 1961.]

FRANK WILLIAMS, Respondent, v. S. BRONSTON, Appellant.

Thomas D. Mercola for Appellant.

Levoy, Miller & Salinger and Gordon Levoy for Respondent.

WOOD, P. J.—In this action on a promissory note, defendant appeals from the order denying defendant's motion "to set aside a default judgment."

The summons and complaint were served on defendant personally on March 5, 1960, in Los Angeles County. On

March 16, 1960, plaintiff's request for entry of default was filed. Judgment by default by clerk was filed and entered on March 21, 1960.

On March 29, 1960, defendant filed a document entitled, "Motion," which stated that defendant "moves the court that the default judgment . . . be set aside and vacated," and that the "motion is made upon the ground of provisions of Section 473 of the Civil Code of Procedure."

Also on March 29, 1960, a "notice of Motion" was filed, which stated that defendant would make a motion on April 8, 1960, "that the default judgment heretofore entered by plaintiff be set aside and vacated." That notice also stated that the motion would be made upon the grounds that the judgment was entered through the mistake, inadvertence, and excusable negligence of counsel for defendant, and upon the records "and demurrer concurrently filed herein."

The demurrer, which was so filed, recited that it was made upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

Also on March 29, 1960, the attorney for defendant filed an "Affidavit of Merit," which stated that he is an attorney at law and the attorney for defendant; that he (affiant) researched the applicable law and facts in the said case and he believes that the complaint does not state facts sufficient to constitute a cause of action; that the affidavit is executed in connection with a motion to set aside the default entered on March 17, 1960, through excusable neglect and inadvertence of affiant.

Also on March 29, 1960, the attorney for defendant filed his affidavit "In Support of Motion to Set Aside Default." That affidavit stated, in substance, as follows: He is an attorney at law licensed to practice in California. Service of summons and complaint was made on defendant on Saturday, March 5, 1960, and those papers were not given to affiant by defendant until Monday, March 7, 1960. Affiant researched the applicable law and determined that the complaint did not state facts sufficient to constitute a cause of action. On March 7 affiant was preparing to go to New York where he was committed to several conferences involving business of other clients. He departed for New York on March 9, intending to return on March 12 and in any event in time to appear by demurrer. Upon arriving in New York many complications followed the matters in which he was engaged and it was impossible for him to return to Los Angeles until March 19. On March 21

he called counsel for plaintiff and was told that a default had been taken, and counsel for plaintiff refused to stipulate that the default be set aside. Affiant has reviewed the facts "in [and] the law applicable to the case at bar" and believes that the complaint is void and states no cause of action, as will more fully appear from the points and authorities. All the above circumstances leading to the taking of the default are attributable to the excusable neglect and inadvertence of affiant and were without the intention of affiant to delay the cause, and he intended to return to Los Angeles in time to appear in the premises.

Mr. Levoy, one of the attorneys for plaintiff, states, in substance, in his affidavit in opposition to the motion, as follows: He met the defendant about 15 years ago when the defendant was producing motion pictures and was preparing to leave the State of California. Since then affiant has read about him on several occasions in motion picture publications wherein reference was made to his activities in Italy and Spain where he was involved in making motion pictures. No references appeared therein as to his returning to California, except on brief visits. On March 31, 1960, defendant's attorney advised affiant that defendant had a number of judgments against him which were unpaid and the plaintiffs therein were unsuccessful in collecting them and that the government could not collect taxes from defendant. Affiant telephoned the defendant's attorney about January 20, 1959, regarding the promissory note, and also on that date affiant sent the attorney a letter confirming the conversation and asking if there would be any settlement. The attorney replied on January 21, 1959, that he would take the matter up with defendant and would advise affiant. Affiant did not hear from the attorney, but affiant attempted to communicate with him many times in the next few months. When affiant told the attorney that affiant was "filing proceedings," the attorney said he was not authorized "to accept service thereof" and he was no longer representing defendant. This action was filed on June 25, 1959. Late in 1959 or early in 1960 affiant was advised that defendant's attorney was a New York attorney by the name of Margulies. Affiant wrote letters to that attorney and requested settlement. The attorney replied by giving the defendant's New York address and stating that the attorney would give affiant's letter to defendant. On February 23, 1960, affiant wrote to defendant advising him of the pending lawsuit and asking him what disposition he would make of it. On March 31

the Los Angeles attorney for defendant (Mr. Mercola) told affiant that affiant's said letter had been forwarded to him. When affiant learned that defendant had entered California, affiant caused service to be made on him on March 5, 1960. Affiant caused the default and the default judgment to be entered. On March 21 he received a call from Mr. Cunningham who said he was associated with Mr. Mercola, and he requested that affiant agree to setting aside the default because the defendant had given the pleadings to Mr. Mercola, in New York, too late for him to cause an answer to be filed. Affiant refused to so agree and informed him that affiant did not believe that the negligence of defendant was excusable when he had knowledge of the pending case and had taken the complaint and summons to New York without making arrangements here. On the following day Mr. Cunningham telephoned affiant and said that he was filing an application to set aside the default. In that conversation affiant asked to speak to Mr. Mercola, and Mr. Cunningham said that that was not necessary since he was handling the case. Also, Mr. Cunningham said that defendant had taken the pleadings to New York and had given them to Mr. Mercola on March 17 too late for Mr. Mercola to do anything about it. Affiant replied that this could not be attributable to Mr. Mercola as negligence in that this occurred in New York 12 days beyond the time service was made in California and that defendant should have made other arrangements. On March 29 Mr. Mercola's secretary called affiant's office and stated that the notice of motion had been sent but "the dates were left blank," and she requested that affiant's secretary insert the date, "April 8." Affiant's secretary requested that the date be changed because affiant would not be available on that date. His secretary told him that Mr. Cunningham said that it must be April 8. The documents (notices) arrived at affiant's office on March 30, but no department number or date of hearing was thereon. On March 31 affiant told Mr. Mercola by telephone that affiant had been informed that Mr. Cunningham was not licensed to practice here, and Mr. Mercola replied that Mr. Cunningham was licensed in other states and did research work for Mr. Mercola. In that conversation Mr. Mercola said that defendant "had many claims and judgments" against him and had been up on debtor proceedings several times and the government could not collect taxes from him. Mr. Mercola said that the sole defense was the statute of limitations. Affiant did receive a call from Mr. Cun-

ningham on March 21, but he did not hear from Mr. Mercola on March 21 or thereafter until March 31.

Appellant contends that the complaint does not state a cause of action, for the following reasons: (1) The complaint does not allege that there is now due, owing, and unpaid to the plaintiff the amount of money specified in the note. (2) The complaint does not allege that at the time of the commencement of the action the plaintiff was the owner of the note. (3) The complaint shows on its face that the cause of action, if any, was barred by section 458 of the Code of Civil Procedure.

The complaint does allege: "No part of said promissory note has been paid nor has the interest thereon been paid and there is now due and owing from defendant to plaintiff the sum of Five Thousand Dollars . . . with interest thereon at the rate of six percent (6%) from February 1, 1945 to and including April 27, 1950, together with interest at the rate of seven percent (7%) thereafter until the date of judgment." That is a sufficient allegation that the note is unpaid.

The complaint also alleges: "On or about the 22nd day of April, 1949, for value received, defendant executed and delivered to plaintiff his negotiable note in the principal sum of . . . ." The note was payable to Williams Film Laboratories, and the action was commenced in the name of Frank Williams doing business as Williams Film Laboratories. No assignment is alleged. It was alleged that plaintiff was doing business under the fictitious name of Williams Film Laboratories and that plaintiff had filed the certificate and published the notice as required by sections 2466 and 2468 of the Civil Code. It was not necessary to allege expressly that plaintiff is the owner and holder of the note. In *Locke* v. *Klunker,* 123 Cal. 231, it was said at page 239 [55 P. 993]: "There is nothing in the point that plaintiff is not alleged to be the owner and holder of the note and mortgage. On their face they are made to plaintiff's intestate, and were in plaintiff's possession as administratrix and were offered in evidence. An averment that plaintiff was the owner and holder was unnecessary."

With reference to contention regarding the statute of limitations, it is to be noted the complaint alleges that "the defendant has been out of the State of California on many and on numerous occasions and has not been within the State of California for a period of time totaling fourteen

hundred (1400) days since said cause of action accrued.'' A copy of the note is in the complaint, and it shows the note is dated April 27, 1949, and is payable on or before one year after date. The action was commenced on June 25, 1959. Section 351 of the Code of Civil Procedure provides: ''If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action.'' ■ In *Schneider* v. *Schneider*, 82 Cal. App.2d 860 [187 P.2d 459], it was said at page 862: ''[I]t has been held in California that the absence of a debtor from the state tolls the statute of limitations as to him for the aggregate period of his absence.'' ■ In the present case, the effect of the allegation of the complaint is that defendant had not been in the state for a period of four years after the action accrued. The complaint does not show that the cause of action is barred by the statute of limitations.

■ Appellant also contends that the trial court abused its discretion in denying the motion to set aside the default. As above shown, the written ''Motion'' and ''Notice of Motion,'' which were filed by defendant referred to setting aside ''the *default judgment*.'' The minutes of the court state, under the heading of ''Nature of Proceedings,'' as follows: ''Motion of defendant to set aside and vacate default judgment Demurrer of defendant to complaint.'' Opposite the designation of the kind of motion, the minutes show as follows: ''Motion Denied.'' It thus appears that the court denied the motion to set aside the *default judgment*. The notice of appeal states that the appeal is from the order denying defendant's motion to set aside a *default judgment*. It was not a motion to set aside the entry of default; and there was no order setting aside the default. In *City of Pacific Grove* v. *Hamilton*, 100 Cal.App.2d 508, it was said at page 511 [224 P.2d 19]: ''In addition, even if there were a sound basis for reversing the order, such a reversal would serve no useful purpose. Neither the motion to set aside the default judgment nor this appeal from the denial of that motion is an attack upon the entry of the default. Even if the judgment were now vacated, such action would be abortive. The entry of default, from which appellant does not seek relief by this appeal, stands of record against him and entitles the city to a judgment upon its complaint.'' In the present

case a reversal or the setting aside of the default judgment would serve no useful purpose, since the entry of default is of record. In any event, the questions as to alleged mistake, inadvertence, surprise, and excusable neglect were questions of fact for the determination of the trial judge. It would serve no useful purpose to restate the substance of the affidavits filed in support of and in opposition to the motion. It is to be noted that defendant did not file an affidavit showing that he had a meritorious defense. He did not submit a proposed answer. It cannot be said that the court abused its discretion in denying the motion.

Appellant also contends that the note was "valueless" because the payee thereof, "Williams Film Laboratories" was not a legal entity. As above stated, the complaint alleged that plaintiff was doing business under the fictitious name of Williams Film Laboratories and that he had complied with the statutory requirements for doing business under that name. This contention is not sustainable. (This contention was raised for the first time in appellant's reply brief.)

Also, in appellant's reply brief he raises for the first time on appeal a further contention that the complaint shows that the note is usurious in that the copy of the note therein recites, "with interest at the rate of 6 per cent per annum from February 1, 1945." Appellant argues to the effect that since the note was dated April 27, 1949, the provision in the note for interest from February 1, 1945, was a provision for "retroactive interest" indicating usury. The note is labeled "Renewal Note." It might be that the principal amount of the renewal note ($5,000) was the principal of a prior note and that interest on that principal was unpaid from February, 1945. The complaint does not show that the note was usurious.

The order is affirmed.

Fourt, J., and Lillie, J., concurred.