Rebecca **WILSON** et al., Plaintiffs-Appellants,

v.

James W. **WEBSTER** et al., Defendants-Appellees.

No. 26674.

United States Court of Appeals, Ninth Circuit.

Oct. 10, 1972.

John M. Sink, Santa Barbara, Cal., for plaintiffs-appellants.

George P. Kading, County Counsel, Michael R. Dougherty, Deputy County Counsel, Santa Barbara, Cal., for defendants-appellees.

Laurence R. Sperber, Los Angeles, Cal., amicus curiae.

Before MERRILL and KOELSCH, Circuit Judges, and PLUMMER,* District Judge.

KOELSCH, Circuit Judge.

Plaintiffs appeal from the District Court's judgment, 315 F.Supp. 1104, dismissing their civil rights class action [42 U.S.C. § 1983] by which they sought to obtain injunctive relief against the sheriff, the district attorney, and other public officials of Santa Barbara County, California.

In the spring of 1970, student unrest in the Santa Barbara area had erupted into riotous violence on several occasions. By June 6, county officials determined that a state of emergency existed, and promulgated emergency regulations, including a curfew in Isla Vista, a section of the county in which a large number of students resided and where a number of the violent incidents had taken place. Within several days after the curfew had been imposed, Santa Barbara county sheriff's deputies, aided by sheriff's deputies from Los Angeles County and by California Highway Patrol officers, arrested and booked several hundred Isla Vista residents on charges ranging from unlawful assembly to arson.

On June 15, plaintiffs filed a complaint against the law enforcement officers and officials of the county, alleging that the defendants had, unlawfully and without any justification, arrested, physically abused, and otherwise mistreated the plaintiffs and those they represented. Plaintiffs sought an injunction to restrain defendants from further lawless conduct; in addition, plaintiffs sought an order from the court directing the state officials to cancel the arrest records of all the members of the class who had been acquitted of criminal charges or against whom such charges had been dismissed.

The matter proceeded no further than a hearing on plaintiffs' application for preliminary injunctive relief. That hearing was conducted solely on plaintiffs' affidavits and defendants' counteraffidavits. The court concluded that, in light of the sharp conflict in the affidavits, it would not issue a preliminary injunction. However, the court went further, and dismissed the action in its entirety.

■ We are satisfied that the District Court acted properly in refusing preliminary relief and in dismissing the action insofar as it related to preventive injunctive relief. The record shows that repetition in the future of any official misconduct of the kind alleged was highly unlikely, and plaintiffs' proof was lacking in any showing of imminent future injury. The school year had ended, the student population in Isla Vista was accordingly greatly diminished, the curfew ordinance had been rescinded, none of the plaintiffs or their class members were then incarcerated or were facing criminal charges, and no official threats were being made. As this court recently said in Halvonik v. Reagan, 457 F.2d 311, 313 (9th Cir. 1972): "Where the allegedly unlawful conduct has terminated, the party seeking a determination on the merits must establish that the case nevertheless has not been rendered moot; that controversy and adversity between the parties nevertheless continues. To do so he must show the likelihood of a recurrence of the conduct. . . ."

■■ However, we conclude that the District Court should not have summarily dismissed the action with respect to the claim for relief relating to arrest-record cancellation. Nothing in the current conditions rendered that claim moot. See United States v. McLeod, 385 F.2d 734, 753 (5th Cir. 1967). The court should have held a full hearing on the issue and afforded plaintiffs an opportunity to show, if they were able, that those records should be expunged, for their continued existence may seriously

* Honorable Raymond E. Plummer, United States District Judge for the District of Alaska, sitting by designation.

1284

and unjustifiably serve to impair fundamental rights of the persons to whom they relate. The fact, noted by the District Court, that the records are "state records," did not put them beyond federal control, even though the area is a sensitive one involving delicate policy considerations. See United States v. McLeod, *supra*; Wheeler v. Goodman, 306 F.Supp. 58 (W.D.N.C.1969); Hughes v. Rizzo, 282 F.Supp. 881 (E.D.Pa.1968). Nor was the District Court correct in saying that "[t]here is no contention that [the records] are incorrect and [that] there are no facts alleged which would justify the court in taking such action." The plaintiffs' allegations, in our opinion, were sufficient to tender an issue and to require a full inquiry; the transcript of the hearing on plaintiffs' application for interlocutory relief makes it clear that plaintiffs' showing there was not exhaustive and did not constitute all the proof which they would have produced at the hearing on the merits.

It follows that the judgment must be vacated and the matter remanded to the District Court for further proceedings consistent with this opinion.

It is so ordered.