James Leroy TAYLOR et al., on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Robert H. McGOWAN, Individually and as Chief of Police of the City of Pasadena, California, and Floyd D. Sanderson, Individually and as Officer-in-Charge of the Burglary Abatement Detail of the Pasadena Police Department, Defendants.

No. CV 75–805 FW.

United States District Court, C. D. California.

June 26, 1975.

Fred Okrand, Jill Jakes, ACLU Foundation of Southern Cal., Michael Daymude, Los Angeles, Cal., for plaintiffs.

Wendell R. Thompson, City Atty., James O. Kahan, Deputy City Atty., Pasadena, Cal., for defendants.

## ORDER DENYING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

WHELAN, District Judge.

In this action Plaintiffs seek a preliminary injunction restraining Defendants from supervising, engaging in, and ordering others to engage in, certain activities of the Pasadena Police Department implemented through the creation of a Burglary Abatement Detail. The motion came on regularly for hearing and the Court took it under submission. After considering the oral and written arguments, including affidavits from Plaintiffs and Defendants, the Court is of the opinion that a preliminary injunction should not be issued.

The activities ascribed to the Defendants and those under their direction include the indiscriminate stopping, searching, interrogating, photographing, fingerprinting, and detaining of various individuals, including Plaintiffs, pursuant to a plan aimed at apprehending suspected burglars and other criminals. This plan allegedly led to repeated violations of Plaintiffs' Fourth Amendment rights to be free from general searches and arrests.

 Although the affidavits, and depositions incorporated into the affidavits, are conflicting on some points, the Court is of the opinion that the record herein establishes that the rights of Plaintiffs are no longer violated, if ever they were. The affidavit of Floyd D. Sanderson, the Pasadena Police Department Lieutenant who led the Burglary Abatement Detail before its discontinuance and who is one of the two named Defendants along with the Department's Chief, Robert H. McGowan, discloses that field photography of various subjects ceased two days after the February 18, 1975, inauguration of the program. Furthermore, all of the fifty-five negatives which were taken in those two days were destroyed before any photographs were developed.

Lieutenant Sanderson also states that as of February 25, 1975, the practice of taking field interviews was discontinued. All in-

terview cards which were made have since been destroyed.

Finally, Sanderson flatly denies that any fingerprints at all were taken in the field, as Plaintiffs have alleged.

■ The import of these statements is to establish presumptively that the activities complained of are not occurring at this time. A preliminary injunction should not issue where it appears unlikely that Plaintiffs will prevail at a full trial on the merits. *Ross-Whitney Corp. v. Smith*, 207 F.2d 190 (9th Cir. 1953); *Washington Capitols Basketball Club v. Barry*, 419 F.2d 472 (9th Cir. 1969).

■ A court must be especially cautious about intervening in the affairs of a law enforcement agency, the activities of which necessarily require flexibility and discretion. *Long v. District of Columbia*, 152 U.S.App.D.C. 187, 469 F.2d 927 (1972). Before an injunction should issue in this case, a full trial is necessary to determine that the allegedly unconstitutional activities have not ceased. *Halvonik v. Reagan*, 457 F.2d 311 (9th Cir. 1972); *Wilson v. Webster*, 467 F.2d 1282 (9th Cir. 1972). Furthermore, Plaintiffs must demonstrate that a substantial risk exists that future violations will occur. *Long v. District of Columbia, supra*.

The evidence presented so far indicates that the policies which caused the alleged infringements have been terminated, and there is nothing to suggest that these policies will be reinstituted. A preliminary injunction should not issue.

This Court is, of course, not making final findings of fact and conclusions of law; such action awaits trial on the merits.

Accordingly,

IT IS ORDERED that Plaintiffs' motion for preliminary injunction is denied.