[Civ. No. 48553. Second Dist., Div. Four. Dec. 8, 1976.]

ANITA GARCIA, Plaintiff and Appellant, v.
JESUS C. FLORES, Defendant and Respondent.

706

## COUNSEL

Castellanos & O'Neill and Francis J. O'Neill for Plaintiff and Appellant.

Gilbert, Kelly, Crowley & Jennett and Patrick A. Mesisca, Jr., for Defendant and Respondent.

## OPINION

**KINGSLEY, J.**—Plaintiff appeals from a judgment, entered after a bifurcated trial, dismissing her complaint on the ground that it was barred by the statute of limitations. We reverse.

On June 1, 1969, the parties were involved in an automobile accident in the State of Sinaloa, Mexico. The present action was filed on June 3, 1970. After the accident, both parties were hospitalized in Mexico, returning together to California eight days after the accident.

### I

The parties have argued, extensively, whether the one-year California statute of limitations (Code Civ. Proc., § 340, subd. 3) or the two-year statute of limitations provided by the law of Sinaloa, applies. Since we conclude that the action was brought within the time permitted by the California statute, we need not, and do not, determine the interesting conflict of laws issue thus presented to us.

### II

██ Defendant contends, and the trial court held, that, by reason of section 17463 of the Vehicle Code, the eight days during which both parties were in Mexico should not be excluded in computing the one year provided for in section 340. We disagree.

Section 17463 of the Vehicle Code reads as follows: "Notwithstanding any provisions of Section 351 of the Code of Civil Procedure to the contrary, when summons may be personally served upon a person as provided in Sections 17459 and 17460, the time of his absence from this State is part of the time limited for the commencement of the action

described in those sections, except when he is out of this State and cannot be located through the exercise of reasonable diligence, except this section in no event shall be applicable in any action or proceeding commenced on or before September 7, 1956."

But that section expressly incorporates, and must be read in connection with, sections 17459 and 17460 of the Vehicle Code. Those sections read as follows:

Section 17459. "The acceptance by a resident of this State of a certificate of ownership or a certificate of registration of any motor vehicle or any renewal thereof, issued under the provisions of this code, shall constitute the consent by the person that personal service of summons may be made upon him at any place where he may be found, whether or not he is then a resident of this State, with the same force and effect as though served within this State, in any action brought in the courts of this State upon a cause of action arising in this State out of the ownership or operation of the vehicle."

Section 17460. "(a) The acceptance or retention by a resident of this state of a driver's license issued pursuant to the provisions of this code, shall constitute the consent of the person that personal service of summons may be made upon him at any place where he may be found and whether or not he is then a resident of this state, with the same force and effect as if served within the state in any action brought in the courts of this state upon a cause of action arising in this state out of his operation of a motor vehicle anywhere within this state." It is clear that, under the express language of those three sections, the nontolling provision of section 17463 does not apply to the case at bench, where the accident did not occur within this state.

 The controlling provision of California law is the tolling exemption provided for in section 351 of the Code of Civil Procedure. That section reads as follows: "If, when the cause of action accrues against a person, he is out of the State, the action may be commenced within the term herein limited, after his return to the State, and if, after the cause of action accrues, he departs from the State, the time of his absence is not part of the time limited for the commencement of the action."

Defendant contends that section 351 should not be applied because he could have been served, while still in Mexico, either by personal service there or by publication. We need not decide whether either mode of service could have been invoked under the circumstances of this case. Section 351 does not make its tolling provision depend on the availability of service on a defendant, but on his physical presence in California. Admittedly, defendant was not in California for eight days after the accident. Under section 351, plaintiff had until June 9, 1970, within which to file her action. The filing on June 3, 1970, was timely.

The judgment is reversed.

Files, P. J., and Jefferson (Bernard), J., concurred.