**Paul L. SHIPP, Plaintiff-Appellant,**

v.

**Hardin E. TODD, Clerk of the 13th Judicial District Court in and for Yellowstone County, Montana, Defendant-Appellee.**

**No. 77–1906.**

United States Court of Appeals,
Ninth Circuit.

Jan. 10, 1978.

Paul L. Shipp, pro se.

Harold F. Hanser, County Atty., Billings, Mont., for defendant-appellee.

Before ELY, WRIGHT and CHOY, Circuit Judges.

PER CURIAM:

Shipp, a former state prisoner filed a civil rights complaint under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) against Todd in Todd's capacity as clerk of the Montana state court in which Shipp was convicted of burglary in 1965. He sought to have the district court declare the state conviction invalid on federal constitutional grounds and for a mandatory injunction directing Todd to expunge the judgment of conviction from the court records in Todd's custody.

The district court dismissed the action for failure to state a claim for relief and because the state court clerk is immune from such an action. The court denied Shipp's motion to amend his complaint to add an allegation that he was deprived of due process as he was not provided or offered legal counsel in the state court proceedings though he was indigent, 20 years old and "relatively uneducated." He appeals; we reverse.

■ Although appellant has served the sentences imposed for his burglary convictions, the maintenance of his criminal records continues to operate to his detriment. *Wilson v. Webster*, 467 F.2d 1282, 1283–84 (9th Cir. 1972); *Bilick v. Dudley*, 356

F.Supp. 945, 950–52 (S.D.N.Y. 1973). "It is established that the federal courts have inherent power to expunge criminal records when necessary to preserve basic legal rights." *United States v. McMains*, 540 F.2d 387, 389 (8th Cir. 1976); *Wilson*, 467 F.2d at 1283–84. Accordingly, we remand to the district court for a determination of the question of expungement.[1]

■ Appellee argues and we agree that the Civil Rights Act does not abrogate the quasi-judicial immunity accorded him in the exercise of his judicial functions. *See Harmon v. Superior Court*, 329 F.2d 154, 155 (9th Cir. 1964). That immunity, however, is limited to actions for damages and does not extend to suits for injunctive relief. *See Ex parte Young*, 209 U.S. 123, 155–56, 28 S.Ct. 441, 52 L.Ed. 714 (1908) (equity power of district court limited by statute, *S. v. D.*, 335 F.Supp. 804, 805 (N.D.Tex. 1971), *aff'd*, 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) ); *Blouin v. Dembitz*, 489 F.2d 488, 491 (2nd Cir. 1973). *Cf. O'Shea v. Littleton*, 414 U.S. 488, 499, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974) (implied lack of immunity).

The district court should reconsider its denial of appellant's motion to amend his complaint in light of *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), *Breier v. Northern California Bowling Proprietors' Ass'n*, 316 F.2d 787, 789–90 (9th Cir. 1963), and our decision herein.

REVERSED and REMANDED.

---

1. The power to order expungement of a state arrest record is a narrow one and should be reserved for unusual or extreme cases, for example, "where the arrest itself was an unlawful one, or where the arrest represented harassing action by the police, or where the statute under which the arrestee was prosecuted was itself unconstitutional." *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975).