[S.F. No. 23950. Mar. 14, 1979.]

GLORIA DEW, Plaintiff and Appellant, v.
KIM APPLEBERRY, Defendant and Respondent.

## COUNSEL

Hill & Hansen and David H. Schwartz for Plaintiff and Appellant.

Low, Ball & Lynch, Raymond Coates and Joyce Cram for Defendant and Respondent.

## OPINION

**TOBRINER, J.**—The instant case presents the issue whether the statute of limitations was tolled pursuant to Code of Civil Procedure section 351[1] when defendant, although physically absent from the state, was still amenable to service of process in California during the period of his absence. Section 351 provides that the time of a defendant's absence from the state after a cause of action has accrued against him "is not part of the time limited for the commencement of the action."[2]  **(1a)**  As we shall explain, we have concluded that defendant's amenability to process is irrelevant under the tolling provision, and that the statute of limitations applicable to plaintiff's tort action was tolled during the period of defendant's absence from the state. Accordingly, we reverse the trial court's order granting summary judgment for defendant and dismissing plaintiff's complaint.

The essential facts are few. On September 23, 1973,[3] plaintiff Gloria Dew fell and was injured on defendant Kim Appleberry's premises in San Francisco. On September 24, 1974, plaintiff instituted the underlying action against defendant, seeking damages for her personal injuries which she alleged were directly and proximately caused by defendant's negligent maintenance of his premises.[4] On November 5, 1975, defendant answered plaintiff's complaint by generally denying each of plaintiff's allegations and by alleging, inter alia, that plaintiff's cause of action was

---

[1]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

[2]Section 351 provides in full: "If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action."

[3]While plaintiff's complaint for damages alleged that the accident occurred "[o]n or about the 24th day of September, 1973" plaintiff subsequently conceded that the accident occurred on September 23, 1973.

[4]Plaintiff's appellate counsel did not represent plaintiff at the trial level.

barred by the one-year statute of limitations prescribed under section 340, subdivision 3.[5]

On September 23, 1976, defendant noticed a motion for summary judgment "on the grounds that the action is barred by the one year statute of limitations." Defendant admitted that he had been absent from California for five weeks during the one year following plaintiff's accident. Defendant argued, however, that "during the entire year subsequent to the accident he was amenable to process and at all times a personal judgment could have been obtained against him. Under such circumstances, there is no tolling of the statute of limitation pursuant to Section 351 of the Code of Civil Procedure."[6] The trial court granted defendant's motion and dismissed plaintiff's complaint.

Defendant's position foresakes a literal reading of section 351, which declares in relevant portion that "if, after the cause of action accrues [against a person], he departs from the state, the time of his absence is not part of the time limited for the commencement of the action." Since the statute's enactment over 100 years ago, decisions of this court and of the Court of Appeal have uniformly interpreted section 351 to give effect to its clear and unambiguous meaning. Thus in *Rogers* v. *Hatch* (1872) 44 Cal. 280, 283, this court held that if, when a cause of action accrues, the defendant resides in California and afterward departs from California, his "successive absences . . . from the State are to be aggregated," and are deducted from the whole time which has elapsed since the cause of action accrued. Similarly, the court in *Fielding* v. *Iler* (1919) 39 Cal.App. 559 [179 P. 519] upheld the trial court's aggregation of defendant's successive absences from the state to toll the statute of limitations pursuant to section 351.[7]

---

[5]Section 340, subdivision 3, provides in part that the period for the commencement of "[a]n action for . . . injury to . . . one caused by the wrongful act or neglect of another" is one year.

[6]Defendant's declaration in support of his motion stated: "At the time of the alleged accident, I resided at 1461 - 9th Avenue, San Francisco, California. I was a California resident at the time and owned the property where the alleged accident is alleged to have occurred. [¶] At the time, I resided a[t] said address with my wife and children. [¶] I have been a permanent resident of the State of California for the one year following the date of the alleged occurrence. In May of 1974, for a period of one month, I visited the State of Ohio to visit my parents. Furthermore, for approximately five days in the fall of 1974, I visited the State of Oregon to visit some personal friends. Those are the only times that I have been outside of the State of California during the one year following the alleged accident. However, during both times, I maintained the same business and residential address in the State of California as I had at the time of the alleged accident."

[7]See also *Bollinger* v. *National Fire Ins. Co.* (1944) 25 Cal.2d 399, 411 [154 P.2d 399]; *Foster* v. *Butler* (1913) 164 Cal. 623, 627-628 [130 P. 6]; *Stewart* v. *Stewart* (1907) 152 Cal.

Defendant contends, however, that section 351 does not apply to the present case. As defendant argues, the Legislature in enacting the statute in 1872 sought to prevent a claim from being barred simply because the defendant, being outside the state, could not be served with a summons and complaint in an in personam action. (*Schneider* v. *Schneider, supra,* 82 Cal.App.2d 860, 862.) Defendant points out that subsequent legislation has provided for alternate methods of service adequate to confer upon the court jurisdiction to enter a personal judgment against an absent defendant. In lieu of personal delivery, a summons and complaint may now be served by leaving a copy at the office, dwelling house, usual place of abode or usual place of business of the person to be served (§ 415.20); by mailing a copy to the party within or without the state (§§ 415.30, 415.40); or by publication "in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served" (§ 415.50, subd. (b)). Thus, defendant claims, a plaintiff has no need for the protection of the tolling provision when the absent party is still amenable to process. Because plaintiff could have served defendant despite his absence from California during the statutory period, defendant asks us to hold plaintiff's action barred by the statute of limitations.

We note that the absence of a prospective defendant from the jurisdiction of the forum was originally rejected as a ground for judicial suspension of the statutory period. (*Developments in the Law—Statutes of Limitations* (1950) 63 Harv.L.Rev. 1177, 1224.) In 1705 the English statute of limitations was first amended to provide that the time the defendant spends " 'beyond the seas' " should not be used in computing the limitations period; the colonial legislatures shortly thereafter adopted similar provisions, and today many states exclude the time during which the defendant is outside the state. The exception to the statute of limitations is thus "wholly a creature of legislation." (*Id.*)

Although the California statute itself remains unchanged from the date of enactment, the Legislature is clearly aware of the statute's broad ramifications, and has modified the reach of the rule in appropriate

162, 166 [92 P. 87]; *Dougall* v. *Schulenberg* (1894) 101 Cal. 154, 159 [35 P. 635]; *Stone* v. *Hammell* (1890) 83 Cal. 547, 552 [23 P. 703]; *Wood* v. *Goodfellow* (1872) 43 Cal. 185, 187; *Garcia* v. *Flores* (1976) 64 Cal.App.3d 705 [134 Cal.Rptr. 712]; *State Medical Education Bd.* v. *Roberson* (1970) 6 Cal.App.3d 493, 501 [86 Cal.Rptr. 258]; *Williams* v. *Bronston* (1961) 190 Cal.App.2d 812, 818 [12 Cal.Rptr. 463]; *Schneider* v. *Schneider* (1947) 82 Cal.App.2d 860, 862 [187 P.2d 459]; *Cvecich* v. *Giardino* (1940) 37 Cal.App.2d 394, 399 [99 P.2d 573]; *Casner* v. *San Diego T. & Sav. Bank* (1939) 34 Cal.App.2d 524, 534 [94 P.2d 65]; *Chappell* v. *Thompson* (1913) 21 Cal.App.136, 137 [131 P. 82].

circumstances. Thus when substituted or constructive service of process upon a defendant resident motorist is available in "a cause of action arising in this state out of his operation of a motor vehicle anywhere within this state" (Veh. Code, § 17460), "[n]otwithstanding any provision of Section 351 of the Code of Civil Procedure to the contrary . . . , the time of his absence from this State is part of the time limited for the commencement of the action . . ." (*id.*, § 17463).[8]

These provisions evidence the Legislature's recognition that the availability of personal jurisdiction *may* remove the necessity for suspending the statute of limitations. If the Legislature intends that the tolling provision not extend the limitations period *whenever* the defendant is amenable to jurisdiction, it can easily so state. In this regard Illinois has recently amended its saving statute so that "no person shall be considered to be out of the State . . . when he is subject to the jurisdiction of the courts of this State with respect to th[e] cause of action pursuant to . . . any . . . statute authorizing service of process which would subject that person to the jurisdiction of the courts of this State. . . ." (Ill.Rev.Stat. 1973, ch. 83, par. 19.)[9] As the Court of Appeal recently held in *Garcia* v. *Flores, supra,* 64 Cal.App.3d 705, 709, however, "Section 351 does not make its tolling provision depend on the availability of service on a defendant, but on his physical presence in California." We believe that we should leave to the Legislature the decision whether the policy of expediting litigation that underlies the alternate service statutes should prevail over the policies underlying section 351.

---

[8]Statutes 1959, chapter 3, section 17463, page 1658; Statutes 1955, chapter 796, section 4, page 1398. See *Dovie* v. *Hibler* (1967) 254 Cal.App.2d 673 [62 Cal.Rptr. 228]. The exclusionary provision of Vehicle Code section 17463 has been applied to actions against nonresident motorists as well. (*Bigelow* v. *Smik* (1970) 6 Cal.App.3d 10 [85 Cal.Rptr. 613].)

See also sections 581a and 583 of the Code of Civil Procedure, which since 1970 mandate dismissal for delay, but exclude the time during which the defendant "was not amenable to the process of the court" (Stats. 1970, ch. 582, §§ 1, 2); section 3521 of the Revenue and Taxation Code, which explicitly provides that section 351 does not apply to the time within which tax enforcement proceedings may be brought (*Williams* v. *Los Angeles Metropolitan Transit Authority* (1968) 68 Cal.2d 599, 604, fn. 4 [68 Cal.Rptr. 297, 440 P.2d 497]); and *Loope* v. *Greyhound Lines, Inc.* (1952) 114 Cal.App.2d 611 [250 P.2d 651], in which the court applied section 351 to the individual defendant in an action for personal injury, but held section 351 inapplicable as to a corporate defendant, in view of the California statutory provisions relative to service of summons on foreign corporations (Corp. Code, §§ 2105, 2110, 2111).

[9]In *Solot* v. *Linch* (1956) 46 Cal.2d 99, 105 [292 P.2d 887], we adverted to a similar Missouri statute which provided that in case of the defendant's absence from the state " 'so that personal service cannot be had upon such defendant in the state,' " the period of absence should not be counted in computing the statutory period.

■ As we have held heretofore, " 'Repeals by implication are not favored and are recognized only when there is a conflict between two or more legislative enactments.' . . . They are recognized only where there is no rational basis for harmonizing the two potentially conflicting statutes . . . and the statutes are 'irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation. . . .' " (Citations omitted.) (*In re White* (1969) 1 Cal.3d 207, 212 [81 Cal.Rptr. 780, 460 P.2d 980].)

■ We find no irreconcilable conflict between section 351 and the statutes governing substituted service. The Legislature may justifiably have concluded that a defendant's physical absence impedes his availability for suit, and that it would be inequitable to force a claimant to pursue the defendant out of state in order effectively to commence an action within the limitations period. At the same time, by providing alternate forms of service the Legislature simply encourages a plaintiff to adjudicate his claim expeditiously if possibly; by using substituted service a plaintiff may now obtain a binding judgment even in the defendant's absence. While the alternate service provisions may lessen the need for section 351, we do not believe that they repeal section 351 *pro tanto.*[10]

■ Finally, contrary to defendant's suggestion, section 351 does not unconstitutionally infringe upon defendant's right to travel freely. In *Scherling* v. *Superior Court* (1978) 22 Cal.3d 493 [149 Cal.Rptr. 597, 585 P.2d 219] we rejected an identical attack upon Penal Code section 802, which commands that if a criminal defendant is out of state when or after an offense is committed, the time during which he is absent is not to be computed as part of the limitations period. As we held, "The Legislature could have rationally determined that the likelihood of detection of the crime and identification of the criminal is greater if the accused remains within the jurisdiction, and that because the result—even if not the intent—of his departure from the state is to render discovery of the crime or the criminal more difficult, the statute of limitations should be tolled in his absence." (22 Cal.3d at p. 500.) Inasmuch as we found that the statute

---

[10]Other courts that have considered the matter have found amenability to process irrelevant for purposes of statutes analogous to section 351. See, e.g., *Roth* v. *Holman* (1919) 105 Kan. 175 [182 P. 416]; *Guas* v. *Guas* (1977) 146 N.J.Super. 541 [370 A.2d 91]; *Travis* v. *McLaughlin* (1976) 29 N.C.App. 389 [224 S.E.2d 243], certiorari denied 290 N.C. 555 [226 S.E.2d 513]; *Wetzel* v. *Weyant* (1975) 41 Ohio St.2d 135 [70 Ohio Ops.2d 227, 323 N.E.2d 711]; *Vaughn* v. *Deitz* (Tex. 1968) 430 S.W.2d 487. See also *Bauserman* v. *Blunt* (1893) 147 U.S. 647 [37 L.Ed. 316, 13 S.Ct. 466] )Kan. law; statute of limitations tolled while defendant absent from state, notwithstanding fact that defendant continued to have usual place of residence within state where service could have been made).

effected no substantial impairment of the defendant's right to travel—"defendant is not subjected to greater penalty because he left the state; rather, he is faced with a tolled statutory period of limitations"—we held that the provision did not violate defendant's right to travel. (*Id.,* at p. 502.)

As we have explained above, section 351 likewise rationally alleviates any hardship that would result by compelling plaintiff to pursue defendant out of state. Since the statute does not penalize the exercise of a fundamental constitutional right, and in view of the statute's rational relation to a valid governmental interest, we reject defendant's claim that section 351 violates his right to travel.[11]

If plaintiff in the present case relied on the literal terms of section 351 in filing the underlying action, she did so reasonably. The meaning of the statute is not ambiguous: defendant's admitted five-week absence from California during the year after plaintiff's cause of action accrued "is not part of the time limited for the commencement of the action." If it is advisable that the statute be changed to accommodate more modern concepts of service of process, the Legislature has it within its power to effect such amendment.

The trial court's order granting summary judgment and dismissing the complaint is reversed.

Bird, C. J., Mosk, J., Clark, J., Richardson, J., Manuel, J., and Newman, J., concurred.

---

[11]See also *Vaughn v. Deitz, supra,* 430 S.W.2d 487, 490, in which the Texas Supreme Court upheld a similar tolling provision against equal protection attack: "Absence from the state is not an unreasonable or arbitrary basis of classification where the statutes of limitation are concerned."