Martin Karl MAURER,
Plaintiff-Appellant,

v.

INDIVIDUALLY AND AS MEMBERS OF LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, Peter J. Pitchess, John P. Owens, et al., Defendants-Appellees.

Nos. 80–5874, 81–5911.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 1, 1982.

Resubmitted March 10, 1982.

Decided Oct. 25, 1982.

Martin Karl Maurer, in pro per.

Laura Lee Gold, Deputy Atty. Gen., Shari K. Silver, Asst. U. S. Atty., Los Angeles, Cal., for defendants-appellees.

Before WALLACE, HUG and ALARCON, Circuit Judges.

HUG, Circuit Judge:

Appellant Martin Karl Maurer, a state prisoner, appeals the dismissal of his pro se civil rights actions seeking damages and injunctive relief pursuant to 42 U.S.C. §§ 1983 and 1985(3). We reverse and remand.

On July 4, 1976, Maurer was searched, arrested, and allegedly assaulted by officers of the Los Angeles County Sheriff's Office and the California Highway Patrol. The arrest was made without either an arrest warrant or probable cause. Maurer was subsequently tried and acquitted on the charge. On January 8, 1979, Maurer began serving a life sentence at Folsom State Prison on an unrelated conviction. On October 23, 1979, he filed a complaint under 42 U.S.C. §§ 1983 and 1985(3) against the police officers involved in his July 4, 1976 arrest, seeking damages for a violation of his civil rights. On December 28, 1979, Maurer filed an amended complaint that sought, as additional relief, a declaratory judgment that his arrest was invalid on federal constitutional grounds and a permanent injunction prohibiting the dissemination of his arrest record. The amended complaint named as defendants various state and federal law enforcement officials who allegedly maintained records of the July 4th arrest.

Pursuant to the recommendations of the United States Magistrate, the district court dismissed the action against the police officers on the ground that it was barred by California's three-year statute of limitations governing actions founded on a liability created by statute. Maurer was allowed to proceed with that portion of his complaint seeking expungement of his arrest

record. The district court subsequently dismissed the expungement action because Maurer had failed to exhaust state remedies. As to the Director of the Federal Bureau of Investigation, the expungement action was dismissed for the additional reasons that Maurer had neither effected proper service of process, nor stated a claim. Maurer appeals both dismissals. The actions have been consolidated for appeal.[1]

Maurer does not contest the applicability of California's three-year statute of limitations to his section 1983 action for damages against the police officers.[2] He asserts, rather, that the district court erred in dismissing his claims without affording him the opportunity to amend the complaint to allege that the statute of limitations was tolled due to the absence of a defendant from the state. Section 351 of the California Code of Civil Procedure provides that if a defendant is absent from the state after the cause of action against him accrues, "the time of his absence is not part of the time limited for the commencement of the action." This tolling provision applies regardless of whether the defendant is amenable to service of process during his absence from the state. *Dew v. Appleberry*, 23 Cal.3d 630, 153 Cal.Rptr. 219, 220, 591 P.2d 509, 510 (1979). The district court refused to apply section 351 because it concluded that a state statute that tolled the limitations period for a defendant who was continuously available for substituted service of process was inconsistent with the policies underlying section 1983 as an inde-

pendent federal remedy. The court refused to allow Maurer to amend his complaint or take limited discovery to determine whether any of the police officers was absent from the state during the limitations period, finding that since the police officers were continuously available for substituted service of process, Maurer could prove no fact in support of his claim for relief even if the defendants had been absent from the state at some point during the limitations period.

 The district court's conclusion was incorrect. "In § 1983 actions ... a state statute of limitations and the coordinate tolling rules are more than a technical obstacle to be circumvented if possible. In most cases, they are binding rules of law." *Board of Regents v. Tomanio,* 446 U.S. 478, 484, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980). *Board of Regents* makes clear that the state tolling provision must be applied when it is not inconsistent with the Constitution or other federal law. *See Major v. Arizona State Prison,* 642 F.2d 311, 313 (9th Cir. 1981). We find no inconsistency between the purpose of section 351 and the policies of deterrence and compensation embodied in section 1983. *See Board of Regents,* 446 U.S. at 488, 100 S.Ct. at 1797; *Major v. Arizona State Prison,* 642 F.2d at 315. California's determination that the defendant's amenability to service of process is irrelevant under the tolling provision is also not inconsistent with the policies embodied in section 1983. "[S]tate law will

1. When Maurer initially appealed the dismissal of the action against the police officers, prior to the dismissal of the expungement action, this court lacked jurisdiction. A dismissal as to some but not all defendants is not a final order as required by 28 U.S.C. § 1291, and is not appealable absent a certification under Fed.R. Civ.P. 54(b). The district court's subsequent dismissal of the remainder of Maurer's claim, however, has cured this jurisdictional defect. *Anderson v. Allstate Insurance Company,* 630 F.2d 677, 680–81 (9th Cir. 1980).

2. The statute of limitations was not tolled pursuant to California Code of Civil Procedure Section 352(a)(3). That section provides that if, *"at the time the cause of action accrued,"* the plaintiff is "[i]mprisoned on a criminal

charge, or in execution under the sentence of a criminal court for a term less than for life," the limitations statute will be tolled. Maurer's cause of action accrued in 1976 and he did not commence his life imprisonment until 1979. He was therefore not imprisoned "at the time the cause of action accrued" as required by section 352(a)(3). The district court held that the tolling provision of section 352(a)(3) did not apply because appellant was serving a life sentence. Maurer argues that it is a denial of equal protection to toll the statute for prisoners serving less than life terms, but not for those serving life sentences. We need not reach the equal protection issue because section 352(a)(3) is not applicable to him irrespective of the sentence imposed.

often provide the content of the federal remedial rule. This statutory reliance on state law obviously means that there will not be nationwide uniformity on these issues." *Robertson v. Wegmann,* 436 U.S. 584, 593 n.11, 98 S.Ct. 1991, 1997 n.11, 56 L.Ed.2d 554 (1978).

A complaint should not be dismissed on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). In evaluating a complaint, any doubts must be resolved in favor of the pleader. *Ernest W. Hahn, Inc. v. Codding,* 615 F.2d 830, 834–835 (9th Cir. 1980). Civil rights complaints brought by pro se plaintiffs are held to a less stringent standard than pleadings drafted by attorneys. *Gillespie v. Civiletti,* 629 F.2d 637, 640 (9th Cir. 1980). Pro se plaintiffs should be given "an opportunity to amend (their) complaint(s) to overcome any deficiency unless 'it clearly appears ... that the deficiency cannot be overcome by amendment.'" *Id. quoting Potter v. McCall,* 433 F.2d 1087, 1088 (9th Cir. 1970). Since the California tolling provision applies to Maurer's action, he should have been given the opportunity to amend his complaint and to take discovery to determine whether any of the police officers were absent from the state.

■ The district court also erred in summarily dismissing Maurer's expungement action. It is well settled that the federal courts have inherent equitable power to order "the expungement of local arrest records as an appropriate remedy in the wake of police action in violation of constitutional rights." *Sullivan v. Murphy,* 478 F.2d 938, 968 (D.C.Cir.), *cert. denied,* 414 U.S. 880, 94 S.Ct. 162, 38 L.Ed.2d 125 (1973); *Shipp v. Todd,* 568 F.2d 133, 134 (9th Cir. 1978). Contrary to the district court's conclusion, Maurer has no adequate

remedy under state law for his claim. The state statute upon which the district court relied provides for the destruction of arrest records only where the court determines after an acquittal that the defendant is "factually innocent of the charge." California Penal Code § 851.85. Maurer seeks a declaratory judgment that his arrest violated the fourth amendment. There is no adequate remedy at law for that claim. *See Wilson v. Webster,* 467 F.2d 1282 (9th Cir. 1972); *Menard v. Saxbe,* 498 F.2d 1017, 1023–24 (D.C.Cir.1974). Nor was Maurer required to exhaust his state remedies before bringing his section 1983 action. As the Supreme Court recently reiterated in *Patsy v. Florida Board of Regents,* —— U.S. ——, ——, 102 S.Ct. 2557, 2561, 73 L.Ed.2d 172 (1982), exhaustion of state administrative remedies is not a prerequisite to bringing an action under section 1983.

■ Finally, the district court correctly dismissed the action against the Director of the FBI. The arrest in question was by state and local officers, not the FBI. The FBI's role is only as a repository for information received from law enforcement agencies throughout the country. The FBI has no authority to expunge arrest records maintained by California law enforcement agencies. Should Maurer's arrest record in California be expunged, the FBI will, as a matter of course, expunge its own records upon request from California authorities.

■ The Director of the FBI should not bear the burden of defending all challenges to the constitutional validity of arrest records compiled by state and local law enforcement agencies. That burden is more appropriately borne by the arresting agency. *See Menard v. Saxbe,* 498 F.2d at 1025–26. A suit against the Director of the FBI may be appropriate if Maurer succeeds in his expungement action against the California officials and the FBI then refuses to expunge its own records.[3]

---

3. A second ground for the district court's dismissal of the action against the Director of the FBI was that Maurer had failed to effect proper service of process. We do not reach this issue

because we affirm the dismissal on another ground. We note, however, that a state prisoner in a civil rights suit is entitled to have his process issued and served by the clerk of the

Accordingly, we affirm in part, reverse in part, and remand the case to give Maurer an opportunity to amend the complaint and to allow him to proceed with his expungement action.

AFFIRMED in part, REVERSED in part, and REMANDED.

district court. *Stanger v. City of Santa Cruz,* 653 F.2d 1257 (9th Cir. 1980).