## BUELL v. DUCHESNE MERCANTILE CO. et al.

No. 4143. Decided · November 19, 1924. Rehearing Denied December 16, 1924. (231 Pac. 123.)

1. LIMITATION OF ACTIONS—STATUTE APPLICABLE TO EACH INSTALL-MENT UNDER JUDGMENT. Where judgment is rendered payable in installments, the eight-year limitation provided by Comp. Laws 1917, § 6465, begins to run from time fixed for payment of each installment for part then payable.

------

See (1, 2, 3) 34 C. J. p. 1088.

2. LIMITATION OF ACTIONS—STATUTE TOLLED BY DEBTOR'S ABSENCE, ALTHOUGH MAINTAINING RESIDENCE IN STATE. Debtor's absence from state tolls the statute of limitations (Comp. Laws 1917, § 6465), notwithstanding he maintains residence in state with persons residing there upon whom service of process might be made.

3. LIMITATION OF ACTIONS—CLAUSE IN JUDGMENT FOR EXECUTION ON DEFAULT, HELD NOT TO BEGIN RUNNING OF STATUTE FROM TIME OF DEFAULT. Where judgment rendered payable in installments, provided that plaintiff might have execution for total amount due if defendant should default in payments, it was intended that plaintiff should have execution only for amount due at time of default, and hence Comp. Laws 1917, § 6465, did not begin to run from date of default.

Appeal from District Court, Third District, Salt Lake County; *L. B. Wight,* Judge.

Action by F. O. Buell against the Duchesne Mercantile Company and others. From judgment for plaintiff, defendant J. W. Musser appeals.

AFFIRMED.

*Ball, Musser & Robertson,* of Salt Lake City, for appellant.

*Walton & Walton,* of Salt Lake City, for respondent.

GIDEON, J.

On July 18, 1910, the district court of Wasatch county entered judgment in favor of the plaintiff and against the defendants in an action pending therein, wherein the parties plaintiff and defendant were the same as in the present action. That judgment was rendered by the court pursuant to and in conformity with a stipulation of the parties. The judgment was for a definite amount, and provided that the principal should bear interest at the rate of 8 per cent. per annum, payable quarterly, and that the principal should be paid in monthly installments of $100 per month beginning

on the first day of November, 1910, with a like amount payable on the first day of each month thereafter. It also provided that the plaintiff might at any time have an execution against the defendants in that action, or any of them, for the total amount due by virtue of the judgment, if the defendants should default in the payment as provided in the judgment. Certain amounts were paid on the judgment, the first on September 3, 1911, and the last in the month of April, 1912. None of the payments were made by the defendant J. W. Musser, the appellant here. The present action was instituted March 23, 1921. Judgment was entered against the defendants Gustaveson and J. W. Musser, in a definite amount, and against the defendant Gustaveson for an additional amount. J. W. Musser appeals from the judgment entered against him.

The appellant interposed, as a defense against the present action, the statute of limitations. The errors assigned respecting the holdings of the court in that regard constitute the principal questions argued. The court, among other things, found that during the period of time from 1911 to the date of instituting this action, the defendant Musser was absent from the state of Utah for periods of time aggregating, in all, not less than five months, but that during all of the time from the date of rendition of judgment in the former case, to the date of instituting the present action, defendant Musser was a resident and householder of the state of Utah, and maintained a residence and home therein.

Section 6464, Comp. Laws Utah 1917, provides that the periods prescribed for the commencement of actions other than for the recovery of real property, are as provided in that chapter. Section 6465 provides that action on a judgment must be instituted within eight years. The trial court was of the opinion, and so held that the monthly payments falling due within a period of eight years and five months prior to March 23, 1921, the date of commencing this action, were not affected by the statute of limitations and gave judgment accordingly. In addition, the court was also of the opinion, and so held, that the absence from the state for a

period of five months tolled the statute for that time. On that theory judgment was entered against the appellant Musser for the amount found due by the court.

It is argued by appellant that the statute of limitations began to run from the date of the judgment, and that, it being admitted that the present action was not instituted within 8 years from entry of judgment, the court erred in overruling this defendant's demurrer, and also erred in holding that the statute was not a defense. The authorities seem to be overwhelmingly in favor of the claim made by respondent that "When a judgment is rendered payable in installments, the statute of limitations begins to run against it from the time fixed for the payment of each installment for the part then payable." 23 Cyc. 1510. Respondent has cited the following authorities supporting the general rule of law contained in the above quotations: *De Uprey* v. *De Uprey,* 23 Cal. 352; *Arndt* v. *Burghardt,* 165 Wis. 312, 162 N. W. 317; *McGill* v. *McGill,* 101 Kan. 324, 166 P. 501; *Simonton* v. *Simonton,* 33 Idaho, 255, 193 P. 386; *Shaffner* v. *Shaffner,* 182 Ill. App. 450; *Schuler* v. *Schuler,* 209 Ill. 522, 71 N. E. 16; *Core* v. *Smith,* 23 Okl. 909, 102 P. 114; *Weinberg* v. *Naher,* 51 Wash. 591, 99 P. 736, 22 L. R. A. (N. S.) 956; *Clause* v. *Columbia Sav. & Loan Ass'n,* 16 Wyo. 450, 95 P. 54; *Richards* v. *Daley,* 116 Cal. 336, 48 P. 220; *Mason* v. *Luce,* 116 Cal. 232, 48 P. 72. No authority is cited by appellant announcing a contrary ruling. The claim or contention· of appellant that the statute of limitations began to run from the date of the judgment is not supported by authority and must be denied.

It is contended also that the court having found that the defendant Musser, during all of the time he was absent from the state, maintained a home in the state of Utah, the court erred in allowing judgment against him for the period of five months during which time said defendant was absent from the state; in other words, that the fact of maintaining a residence in the state, with persons residing there upon whom service of process might be made, prevented the tolling of the statute. That particular question

has been determined by this court adversely to the contention of appellant. *Keith-O'Brien Co.* v. *Snyder,* 51 Utah, 227, 169 P. 954.

By reason of the language of the last paragraph of the original judgment, it is further claimed on the part of appellant that, upon failure to make payments as provided in the judgment, an execution could issue for the whole amount due and that the statute of limitations began to run from the date of such default. In our opinion, the language of the judgment is not susceptible of the construction claimed. The judgment says:

"The plaintiff may at any time have an execution against such defendants or any of them for the total amount due by virtue of this judgment, if said defendants shall default in the payments as herein set forth."

It clearly appears that the import of that language is not that plaintiff would be entitled to execution for the entire amount of the judgment, but for only such amounts as were then due. That being the plain intent of the language of the court found in the judgment, the argument of counsel respecting that question is not applicable nor controlling.

We find no reversible error in the record; and the judgment is accordingly affirmed with costs.

WEBER, C. J., FRICK and CHERRY, JJ., and DILWORTH WOOLLEY, District Judge, concur.

THURMAN, J., did not participate herein.