**GENUINE PARTS COMPANY, a corporation, Plaintiff and Respondent,**

v.

**Gene LARSON, Jr., dba Truck Parts, Defendant and Appellant.**

No. 14414.

Supreme Court of Utah.

Sept. 27, 1976.

Kenneth L. Rothey, Salt Lake City, for defendant and appellant.

John L. McCoy, Salt Lake City, for plaintiff and respondent.

HENRIOD, Chief Justice:

Appeal from denial of motions to dismiss, and to quash service of summons, in a case where Genuine had taken a default judgment on unpaid promissory notes and bad checks given in part payment covering the amounts of the checks, and where some of such notes had matured and the others accelerated under clauses for nonpayment of interest. Affirmed with costs to Genuine.

Larson urges that 1) Rule 3(a)(2) of the Utah Rules of Civil Procedure is unconstitutional as to this case in that he was denied due process, and 2) that the judgment was void because the complaint did not allege presentment and dishonor of the *promissory notes*, whether matured or payable in future.

As to 2): The checks sued upon in Count I were presented and dishonored be-

cause they were bum checks, (which gave rise to a cause of action), and demand was made for payment of the notes and ignored, so that any further demand seemed to be a useless thing, particularly since the latter were delinquent as to interest and subject to acceleration for that reason. Anyway, there was no question as to the indebtedness reflected in the checks that bounced.

As to Larson's contention that Genuine was a day late in the process serving procedure: Apparently Larson overlooked the Utah Rules of Civil Procedure as to time of delivering a copy of the complaint, failing to recognize that in calculating time, the day of the event when time begins to run is excluded and the day it ends, after which further action would be prevented, is excluded, and that the ten days involved here would be satisfied if effective filing or service were accomplished on the 10th day after the first day was excluded. The record clearly shows that that is what evolved here. The summons was served on July 17, 1975, and the 10th day thereafter, excluding July 17, 1975, was Sunday, July 27, a holiday, so that the complaint, according to Rule 6 of the U.R. C.P., was subject to filing on the next day, Monday, July 28, 1975, which Genuine's brief stated was accomplished on that day. Actually, the complaint was filed on July 28, 1975, if the date attested to by the clerk's stamp was accurate, which clearly says filed "Jul 28, 3:31 P.M. '75."

As to 1): The urgence that Rule 3(a)(2) is unconstitutional as applied to this case because it provokes a denial of due process and equal protection of the law. Larson's thesis is that the rule, having two separate ways to indulge the initiatory feature of litigation, with a different time requirement for each, makes such inequality discriminatory. He overlooks the fact the Rule 3(a)(2), with its dual method of invoking the jurisdiction of the court, is beneficial, detrimental or inconsequential to every person in the State of Utah, sans favor or prejudice to anyone in that class, numbering more than a million people. The classification is reasonable and the Rule is not discriminatory.

The problem here seems constitutionally simplistic to the point that only a few authorities need be noted: *Missouri v. Lewis,* 101 U.S. 222, 25 L.Ed. 989 (1946); *Skinner v. Oklahoma,* 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1941); *Dohany v. Rogers,* 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904, 68 A.L.R. 434; *State v. Judd,* 27 Utah 2d 79, 493 P.2d 604 (1972); (See also *Brown v. Mississippi,* 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682 (1936) re: Power of State to Regulate Procedure).

ELLETT, CROCKETT and MAUGHAN, JJ., and GEORGE E. BALLIF, District Judge, concur.

TUCKETT, J., does not participate herein.