**Vera O. GASS, formerly Vera O. Hunting, Plaintiff and Respondent,**

v.

**Robert Lile HUNTING, aka Lile Hunting, Defendant and Appellant.**

**No. 14642.**

Supreme Court of Utah.

March 15, 1977.

John C. Beaslin of Beaslin, Nygaard, Coke & Vincent, Vernal, for defendant and appellant.

Hugh W. Colton and Whitney D. Hammond, Vernal, for plaintiff and respondent.

ELLETT, Chief Justice:

There is but one question to be decided on this appeal, viz., Is the statute of limitation tolled while the judgment debtors are not within this state?

The pertinent sections of our statute and Rules of Civil Procedure are the following. (Statutory references are the U.C.A.1953.)

78–12–1 "Civil actions can be commenced only within the periods prescribed in this chapter, after the cause of action shall have accrued, . . ."

78–12–22 "Within eight years: An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States."

78–12–35 "If when a cause of action accrues against a person when he is out of the state, the action may be commenced within

---

**18.** *Robert H. Hinckley, Inc. v. State Tax Commission,* 17 Utah 2d 70, 77, 404 P.2d 662 (1965).

**19.** Note 1, supra.

the term herein limited after his return to the state; and if after a cause of action accrues he departs from the state, the time of his absence is not part of the time limited for the commencement of the action."

In the case of *Yergensen v. Ford*, 16 Utah 2d 397, 402 P.2d 696 (1965) this court held that a judgment lien expired after eight years and that a partial payment within the eight years did not extend the lien. This holding is correct for the reason that a purchaser of land could not know if a payment had been made and therefore the title to land owned by the judgment debtor would be in doubt.

That case further held:

A money judgment forms the basis for but two legal proceedings: (1) *a suit thereon, brought within eight years,* wherein it forms the basis or chose in action for *a new judgment,* or (2) some form of proceeding in execution for collection. Rule 69(a), Utah Rules of Civil Procedure, provides that process to enforce a judgment shall be by writ of execution which may issue at any time within eight years after the entry of judgment. Thus, there is imposed an eight-year limitation period on the two basic legal proceedings on a judgment, without any indication of an intent upon the part of the legislature to extend the period by part payment or written acknowledgment. [Emphasis added.]

A new judgment would create a lien on realty owned by the judgment debtor at the time of the new judgment, but would not relate back to the interim between the new judgment and the expiration date of the old one.

The statute and case quoted above seem clear. A suit on a judgment may be commenced during the eight-year period following the entry thereof, and an absence from the state tolls the eight-year period.

The trial court was correct in entering a new judgment, which is hereby affirmed. The respondent is awarded costs.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.