Gail C. VAN TASSELL, and Afton Van Tassell, Plaintiffs and Respondents,

v.

Elwood C. SHAFFER, Defendant and Appellant.

No. 860082–CA.

Court of Appeals of Utah.

Sept. 1, 1987.

William F. Bannon, Strong & Hanni, Salt Lake City, for defendant and appellant.

Thomas A. Duffin, Spafford, Dibb, Duffin & Jensen, Salt Lake City, for plaintiffs and respondents.

Before GREENWOOD, ORME and DAVIDSON, JJ.

## OPINION

GREENWOOD, Judge:

Defendant Shaffer appeals the trial court's ruling that the statute of limitations was tolled during defendant's absences from the state.

Plaintiffs originally obtained judgments against defendant on November 19, 1973 and December 3, 1973. Over eight years later, on February 5, 1982, plaintiffs initiated this action to reaffirm the judgments. Defendant filed a motion for summary judgment claiming that the suit was barred by the eight year statute of limitations set forth in Utah Code Ann. § 78–12–22 (1984).

The trial court ruled that the statute of limitations was tolled when defendant was out of the state for both personal and business reasons even though he was amenable to service of process under Utah R.Civ.P. 4. A trial was subsequently held to determine the number of days defendant was absent from the state. The trial court then found that defendant was absent from the state for ninety-six days which was sufficient tolling time that plaintiffs' filing fell within the eight year statute of limitations. The ninety-six days of absence were calculated by excluding the day defendant left and including the day he returned.

## I.

The primary issue on appeal is whether the trial court correctly held that the statute of limitations was tolled when defendant was absent from the state for personal and business reasons but openly resided in the state and service could have been made at his residence under Utah R.Civ.P. 4.

A majority of jurisdictions that we have examined have found that a plaintiff's right of action is not tolled while defendant is outside of the state but remains subject to personal jurisdiction. *Selby v. Karman*, 110 Ariz. 522, 521 P.2d 609, 611 (1974) (tort action); *Engle Bros. Inc. v. Superior Court*, 23 Ariz.App. 406, 533 P.2d 714, 716 (1975) (wrongful death); *Lipe v. Javelin Tire Co.*, 96 Idaho 723, 536 P.2d 291, 294 (1975) (personal injury); *Bray v. Bayles*, 4 Kan.App.2d 596, 609 P.2d 1146, 1150 (1980) (medical malpractice); *Frazier v. Castellani*, 130 Mich.App. 9, 342 N.W.2d 623, 626 (1983) (paternity); *Bank of Nevada v. Friedman*, 82 Nev. 417, 420 P.2d 1, 4 (1966) (action on a note); *Benally v. Pigman*, 78 N.M. 189, 429 P.2d 648, 651 (1967) (auto accident); *see also* Annotation, *Tolling of Statute of Limitations during Absence from State as Affected by Fact that Party Claiming Benefit of Limitations remained Subject to Service during Absence or Nonresidence*, 55 A.L.R.3d 1058, 1064 (1957).

Utah, and a small minority of other jurisdictions, allow the statute of limitations to be tolled during absences even where the defendant resides in the state and service can be made upon persons at his residence. *Dew v. Appleberry*, 23 Cal.3d 630, 591 P.2d 509, 512–13, 153 Cal.Rptr. 219 (1979) (tort); *Wetzel v. Weyant*, 41 Ohio St.2d 135, 323 N.E.2d 711, 712 (1975) (auto accident); *Dicker v. Binkley*, 555 S.W.2d 495, 496–97 (Tex.Ct.App.1977) (obligation on a note); *Gass v. Hunting*, 561 P.2d 1071, 1071–72 (Utah 1977) (judgment); *Buell v. Duchesne Merchantile Co.*, 64 Utah 391, 231 P. 123, 124–25 (1924) (judgment); *Keith O'Brien Co. v. Snyder*, 51 Utah 227, 169 P. 954 (1917) (judgment).

In *Keith O'Brien Co. v. Snyder*, 169 P. at 954, the Utah Supreme Court found that even though defendant's wife continued to reside in the state during defendant's approximate seven year absence, the statute of limitations runs "only during the time the debtor is openly in the state and immediately on his leaving it the statute ceases to run until his return, …" *Keith O'Brien*, 169 P. at 956. In reaching its conclusion, the Court noted that at the time the overwhelming majority of jurisdictions

with similar statutes allowed such absences to toll the statute of limitations. *Id.* In 1924 the Court reached a similar conclusion in *Buell v. Duchesne Mercantile Co.*, 231 P.2d at 123, where the Court held that defendant's five month absence from the state tolled the eight year statute of limitations despite the fact that he maintained a residence in the state and persons at his residence could be served. *Buell*, 231 P. at 124–25. Again, in 1977, the Utah Supreme Court held that the eight year statute of limitations is tolled during the defendant debtor's absence from the state. *Gass v. Hunting*, 561 P.2d at 1072.

Although *Keith O'Brien, Buell* and *Gass* apparently state the prevailing rule in Utah, *Snyder v. Clune*, 15 Utah 2d 254, 390 P.2d 915 (1964) seems inconsistent. In *Snyder*, the Court held that a nonresident motorist's absence from the state did not toll the statute of limitations where service of process could be accomplished by serving the Secretary of State. The Court stated that the obvious objective of Utah Code Ann. § 78–12–35 (1953)[1], which provides that "absence is not part of the time limited" for commencement of an action, is to "prevent a defendant from depriving a plaintiff of the opportunity of suing him by absenting himself from the state during the period of limitation." *Id.* at 916. The Court then noted that under the nonresident motorist act, service may be accomplished by serving the Secretary of State. Thus, because defendants "had an agent within the state upon whom process could have been served ... they were thus not

'absent' from the state in the sense contemplated by the statute, that is unavailable for service of process." *Id.*

■ Although the reasoning in *Snyder* is more consistent with the current majority view,[2] the 1964 *Snyder* Court did not discuss or overrule *Keith O'Brien* or *Buell*. Similarly, the *Gass* Court in 1977 did not address *Snyder*, nor explain the different results. Because *Gass* explicitly allows the statute of limitations to be tolled during a defendant's absence, we must uphold the trial court's ruling that the statute of limitations was tolled during defendant's absences even though he was amenable to service of process under Utah R.Civ.P. 4. We must also assume that proceedings under the nonresident motorist act are the only Utah proceedings in which the applicable statute of limitations is not tolled by absence from the state until and unless the Utah Supreme Court states otherwise. We observe, however, that the majority view, which holds that defendant's absence does not toll the statute of limitations where defendant is amenable to personal jurisdiction, would be preferred by this Court as the Utah rule, as we find it to be more consistent with the purposes of statutes of limitations.[3]

## II.

The remaining issue is whether the trial court correctly calculated the number of days defendant was absent. Appellant claims that only the days defendant was absent for the entire day should toll the statute of limitations.

---

1. Utah Code Ann. § 78–12–35 was amended in 1951. However, the changes do not affect the issue in this case or the efficacy of *Keith O'Brien Co.* or *Buell.*

2. *Snyder* can arguably be distinguished from the other three cases because it involved defendants who left the state immediately after the automobile accident which was the basis of the suit. If the statute of limitations had been tolled due to defendants' absence, the action against the non-resident motorist may have been in suspense forever. In comparison, residents presumably will eventually return to the state, even though some residents' absences may total many years.

3. One court has aptly explained that the purpose of statutes of limitations would be undermined

if the tolling statute were applied in cases where defendant is at all times amenable to service of process. *Byrne v. Ogle*, 488 P.2d 716, 717 (Alaska 1971). The court explained that the policy of the tolling statute is to prevent plaintiff from being deprived of his opportunity to prove his cause of action by defendant absenting himself from the jurisdiction. The statute of limitations, on the other hand, is designed to encourage prompt prosecution of actions and avoid the injustice which may result from prosecution of stale claims. *Id.* at 718. The court further reasoned that to allow tolling to operate would mean that actions against absent defendants would practically never be outlawed and that claims may be held in suspense for years even though the action could have been commenced through substituted service.

Utah Code Ann. § 68–3–7 (1986) states that "[t]he time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last is a holiday, and then it also is excluded." The trial judge in this case computed the days by excluding the day defendant left the state on each separate occasion but including the day he returned. The judge then added these absences together and found that defendant had been absent for ninety-six days.

In computing periods of time for purposes of calculating statutes of limitations, the Utah Supreme Court has excluded the first day of the period and included the last day. *Gilroy v. Lowe*, 626 P.2d 469, 471 (Utah 1981); *Glad v. Glad*, 567 P.2d 160, 162 (Utah 1977); *Genuine Parts Co. v. Larson*, 555 P.2d 285, 286 (Utah 1976). Therefore, we hold that the trial judge correctly calculated defendant's absences for the purpose of tolling the statute of limitations.

Affirmed.

ORME and DAVIDSON, J., concur.