2007 UT 29

**Bertina Rae OLSETH, an individual, Plaintiff and Appellant,**

v.

**Matthew D. LARSON, Defendant and Appellee.**

No. 20051180.

Supreme Court of Utah.

March 27, 2007.

D. Bruce Oliver, Salt Lake City, for plaintiff.

J. Wesley Robinson, Salt Lake City, for defendant.

DURRANT, Justice:

## INTRODUCTION

¶ 1 This case is before us on certification of a question of state law from the United States Court of Appeals for the Tenth Circuit. The question to be addressed is this: "Is the statute of limitations tolled under Utah Code Ann. § 78–12–35 when a person against whom a claim has accrued has left the state of Utah and has no agent within the state of Utah upon whom service of process can be made instead, but the person is amenable to service pursuant to Utah's long-arm statute, Utah Code Ann. § 78–27–24?"

¶ 2 We hold that Utah Code section 78–12–35 ("Utah's tolling statute") *does toll* the applicable statute of limitations when a person against whom a claim has accrued has left the state of Utah and has no agent within the state upon whom service of process can be made, *even* where the person was at all times amenable to service pursuant to Utah's long-arm statute. The plain language of the tolling statute, our well-settled precedent, and appropriate deference to the Legislature lead to this result.

## BACKGROUND

¶ 3 On May 15, 1998, Bertina Rae Olseth, having been left handcuffed and unattended in Officer Matthew D. Larson's police vehicle with the engine running, attempted to steal that vehicle. Larson shot Olseth while attempting to recover his vehicle. On May 15, 2000, Olseth filed her first action in this matter in federal district court against Salt Lake City Corporation ("the City"), Salt Lake City Police Department, and various police officers in their official capacities, including Larson. Olseth's complaint alleged civil rights violations resulting from her arrest and the injuries she sustained when she was shot by Larson. The only cause of action pled in Olseth's complaint relevant to this case was for an alleged 42 U.S.C. § 1983 violation based on her allegation of unlawful use of deadly force.

¶ 4 The federal district court dismissed Olseth's first complaint on May 15, 2002, for failure to prosecute. On October 11, 2002, Olseth filed her second complaint, adding new causes of action against essentially the same parties but naming Larson for the first time in his individual capacity. The City moved for dismissal of all causes of action and parties. On June 6, 2003, the court partially granted the City's motion, allowing only the "loss of limb or member" cause of action to remain against the City and Larson.

¶ 5 On May 2, 2003, Olseth filed an Amended Motion for Alternate Means of Service and a Second Motion for Enlargement of Time. Because Larson was then an out-of-state defendant and Olseth was unable to locate him, her motion requested alternative service of process by publication or mail and an enlargement of time to effect service. The district court granted this motion on June 6, 2003.

¶ 6 Upon the stipulation of the parties, Olseth amended her second complaint on September 17, 2003. Olseth's amended complaint named Larson in his individual capacity as the sole defendant and asserted a cause of action against him under 42 U.S.C. § 1983 for alleged violations of her constitutional rights.

¶ 7 Larson moved for summary judgment, arguing that the court lacked personal jurisdiction over him because he was not sued as an individual until Olseth filed her second complaint on October 11, 2002, more than four years after the incident complained of occurred. Larson argued that, because Olseth sued him for the first time in his individual capacity beyond the applicable four-year statute of limitations period, her complaint must be dismissed.

¶ 8 The district court granted Larson's motion for summary judgment but allowed Olseth ten days to research the statute of limitations issue further and petition the court for reconsideration.

¶ 9 Olseth timely filed a Motion to Alter or Amend Judgment but failed to address the controlling authority of the case. The district court denied Olseth's motion, and she appealed the district court's ruling to the United States Court of Appeals for the Tenth Circuit.

¶ 10 On December 16, 2005, the Tenth Circuit ruled in Larson's favor on one issue and certified the current issue to us. We have jurisdiction pursuant to Utah Code section 78–2–2(1).

## STANDARD OF REVIEW

■ ¶ 11 On certification from the federal court, we "answer the legal questions presented" without "resolv[ing] the underlying dispute." [1]

## ANALYSIS

¶ 12 The only question before us is whether Utah Code section 78–12–35 tolls the applicable statute of limitations when a person against whom a claim has accrued has left the state of Utah and has no agent within the state upon whom service of process can be made, but the person was at all times amenable to service pursuant to Utah's long-arm statute.

¶ 13 Utah's tolling statute was designed to address a problem that existed in the jurisdictional era of *Pennoyer v. Neff*,[2] that is to say, an era where personal jurisdiction was difficult to obtain over out-of-state defendants. But in the era ushered in by *International Shoe*,[3] obtaining such jurisdiction is no longer so difficult. Basically, the tolling statute was designed to address a problem that no longer exists and the statute is, in that sense, an anachronism. Despite the fact that the tolling statute is anachronistic, however, it is clear, and it provides that a statute is tolled during that period where a defendant is absent from the state.

¶ 14 In this opinion, we will first discuss the creation and history of Utah's tolling statute, framing the proper context in which to analyze the certified question. Second, we will discuss the plain-language application of the tolling statute. Third, we will discuss our prior case law interpreting the tolling statute. Finally, we will discuss the appropriate deference to the Legislature in deciding the question presented to us.

■ ¶ 15 Ultimately, we hold that Utah Code section 78–12–35 *does toll* the applicable statute of limitations when a person against whom a claim has accrued has left the state of Utah and has no agent within the state upon whom service of process can be made, even where the person was at all times amenable to service pursuant to Utah's long-arm statute.

## I. THE HISTORY OF UTAH'S TOLLING STATUTE

¶ 16 Utah Code section 78–12–35 does not differ materially from its original version enacted in 1872.[4] The current tolling statute reads as follows:

> If where the cause of action shall accrue against a person, he is out of the Territory, the action may be commenced within the term herein limited, after his return to the Territory; and if after the cause of the action shall have accrued, he depart the Territory, the time of his absence shall not be part of the time limited for the commencement of the action.

---

1. *Spackman v. Bd. of Educ.*, 2000 UT 87, ¶ 1 n. 2, 16 P.3d 533.

2. 95 U.S. 714, 24 L.Ed. 565 (1878).

3. 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

4. The original tolling statute, which predated statehood, read as follows:

Where a cause of action accrues against a person when he is out of the state, the action may be commenced within the term as limited by this chapter after his return to the state. If after a cause of action accrues he departs from the state, the time of his absence is not part of the time limited for the commencement of the action.[5]

¶ 17 In his briefs, Larson aptly describes the circumstances surrounding the creation and operation of Utah's tolling statute. When Utah's tolling statute was created, the ability to obtain personal jurisdiction over an out-of-state resident (or nonresident) was severely limited by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[6] Given this restraint, the tolling statute served the important purpose of preventing the statute of limitations from expiring on valid claims when the defendant was out of state and obtaining personal jurisdiction was not possible.

¶ 18 In the early 1900s, the jurisdictional reach of the states' courts began to expand, and by 1945, the United States Supreme Court, in *International Shoe*, adopted a more flexible standard for asserting personal jurisdiction over out-of-state defendants.[7] This new standard required only that a defendant have "minimum contacts" with the forum state such that the exercise of personal jurisdiction did not offend "traditional notions of fair play and substantial justice."[8] As a result of *International Shoe*, states began enacting long-arm statutes, which were comprehensive jurisdictional statutes based upon a defendant's conduct in or contact with the forum state. These long-arm statutes expanded the jurisdictional reach of state courts, allowing such courts to exert personal

jurisdiction to the outer limits of the Due Process Clause.

¶ 19 Utah's long-arm statute was enacted in 1969.[9] It allows Utah's courts to exert personal jurisdiction over any person, whether or not a resident of Utah, if that person committed any of the acts enumerated in the statute.[10] The long-arm provisions apply "so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment to the United States Constitution."[11] The provisions allow service of process pursuant to rule 4 of the Utah Rules of Civil Procedure on any party outside the state.[12]

¶ 20 Larson argues that Utah's tolling statute must be interpreted in light of this history and purpose and in relation to other statutes. He argues that when the purpose of the tolling statute conflicts with its literal meaning, the purpose must be given effect. He explains that the purpose of the tolling statute is to prevent valid claims from expiring because personal jurisdiction over a defendant cannot be obtained due to the defendant's absence from the state. He argues that, in light of this purpose, the language in the tolling statute referring to a defendant who is "out of the state" should describe a defendant who is beyond the personal jurisdiction and process of Utah courts and not merely a defendant who is physically "absent" from the state. Larson contends that this interpretation harmonizes the tolling statute with the purposes of Utah's long-arm statute, the substitute service of process provisions of rule 4, and the applicable statute of limitations, which are all designed to allow parties to expeditiously adjudicate their claims. Ultimately, Larson maintains that the purpose of such a tolling statute is served

Act of Feb. 16, 1872, ch. XIII, § 23, 1872 Utah Laws 18, 23.

5. Utah Code Ann. § 78–12–35 (2005).

6. *See Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565 (1878) (holding that in personam jurisdiction could be obtained over a defendant only if the defendant is personally within the state's territory or voluntarily appears).

7. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

8. *Id.* (internal quotation marks omitted).

9. *See* Utah Code Ann. § 78–27–24.

10. *See id.* § 78–27–24(1)–(7).

11. *Id.* § 78–27–22.

12. *Id.* § 78–27–25. Rule 4 allows substituted service of process in certain circumstances. *See* Utah R. Civ. P. 4(d)-(e).

where the long-arm statute or rule 4 brings a defendant within the personal jurisdiction of the court. Under these circumstances, the tolling statute should no longer apply because the need to delay the running of the statute of limitations ceases to exist.

¶ 21 The position advocated by Larson, although favored by many states, would effectively write the tolling statute out of the Utah Code. We are disinclined to ignore the statute in light of its clear, plain-language meaning. Moreover, our own precedent has adhered to the statute's plain-language meaning. It is the Legislature's prerogative to set statutes of limitation. It is also the Legislature's prerogative to set the terms by which a statute will be tolled. Whether or not this tolling is necessary, given the changes in our long-arm jurisdiction, the statute is clear, and it is solely up to the Legislature to change it. Thus we conclude that the plain language of the tolling statute, our well-settled precedent, and appropriate deference to the Legislature make the answer to the certified question relatively straightforward.

## II. THE PLAIN LANGUAGE OF UTAH'S TOLLING STATUTE

¶ 22 The plain language of the tolling statute provides that the applicable statute of limitations is tolled where a defendant has left the state or, in other words, is "absent." [13]

¶ 23 "Our objective in interpreting a statute is to effectuate legislative intent, and that intent is most readily ascertainable by looking to the plain language of the statute." [14] In addition, "[w]e read the plain language of the statute as a whole, and interpret its provisions in harmony with other statutes in the same chapter and related chapters." [15] The evolution of a statute through amendment by the Legislature may also shed light on a statute's intended meaning.[16]

¶ 24 We have already stated that the purpose of Utah's tolling statute is "to prevent a defendant from depriving a plaintiff of the opportunity of suing him by absenting himself from the state during the period of limitation." [17] This legislative intent is ascertainable from the plain language of the tolling statute. The tolling statute's language expressly prevents a defendant from depriving a plaintiff of a valid claim merely by leaving the state. Indeed, the statute could hardly be written in a more straightforward manner. The statute states, "If after a cause of action accrues [the defendant] departs from the state, the time of his absence is *not* part of the time limited for the commencement of the action." [18] The "time limited for the commencement of the action" refers to the applicable statute of limitations in a given case.

¶ 25 Additionally, despite a few minor changes to its text, the tolling statute remains materially unchanged from its original enactment. Through this action (or inaction) the Legislature has implicitly endorsed the original plain-language purpose of the statute. Further, the Legislature has not materially changed the tolling statute after our holdings in several cases, implying that it does not disapprove of our plain-language interpretation of the statute.

## III. CASE LAW INTERPRETING UTAH'S TOLLING STATUTE

¶ 26 Our cases have consistently adhered to the plain language of the tolling statute.

---

13. Utah Code Ann. § 78–12–35 (2005) (stating that "the time of [the defendant's] *absence* is not part of the time limited for the commencement of the action" (emphasis added)).

14. *State v. Carreno*, 2006 UT 59, ¶ 11, 144 P.3d 1152.

15. *Bd. of Educ. v. Sandy City Corp.*, 2004 UT 37, ¶ 9, 94 P.3d 234 (internal quotation marks omitted).

16. *See* 1A Norman Singer, *Statutes and Statutory Construction* §§ 22.29–.30 (6th ed.2002) (discussing the presumption that an amendment was intended to change the prior statute; also discussing other tools of construction applicable to amendments).

17. *Snyder v. Clune*, 15 Utah 2d 254, 390 P.2d 915, 916 (1964).

18. Utah Code Ann. § 78–12–35 (emphasis added).

We have held in a number of cases that Utah's tolling statute should be interpreted literally, so that where a defendant is "absent" from the state, the statute of limitations will toll as to that defendant for that period.[19] In other cases, where by statute an agent is appointed within the state to receive service of process on behalf of a defendant, we have held that a defendant is not "absent" from the state and therefore the statute of limitations will not be tolled. Yet, even those cases are in harmony with the tolling statute's plain-language application.

¶ 27 In *Keith–O'Brien Co. v. Snyder*,[20] we held that the defendant's seven-year absence from the state tolled the applicable statute of limitations.[21] We determined that the tolling statute applied even though the defendant's wife continued to reside in Utah during the defendant's absence.[22] We concluded that the statute of limitations "runs only during the time the [defendant] is openly in the state and immediately on his leaving it the statute ... ceases to run until his return." [23] We gave effect to the literal meaning of the tolling statute—"if after the cause of action accrues he depart from the state, the time of his absence is not part of the time limited for the commencement of the action." [24]

¶ 28 In *Gass v. Hunting*,[25] we followed *Keith–O'Brien's* literal interpretation of the tolling statute.[26] Our *Gass* decision is concise and straightforward, holding that the defendant's absence from the state tolls the eight-year statute of limitations and concluding that the tolling statute is "clear." [27]

¶ 29 In *Snyder v. Clune* [28] and *Lund v. Hall*,[29] we held that a nonresident motorist's absence from the state did *not* toll the statute of limitations where by statute an agent is appointed within the state to receive service of process on behalf of nonresident motorists.[30] These cases concerned the Nonresident Motor Vehicle Act (the "Act"), which authorizes substitute service of process on a nonresident motorist by serving the Division of Corporations and Commercial Code.[31] Rule 4(e)(1) of the Utah Rules of Civil Procedure allows that personal service may be made upon a defendant by delivering a copy to an "agent authorized by appointment *or by law* to receive service of process." [32] These two cases are entirely consistent with *Keith–O'Brien* and *Gass.* The Act statutorily appoints an agent to receive service of process within Utah for nonresident motorists. In a legal sense, therefore, the defendants in these cases are not "absent" from the state because their agent is present and service can be effected within the state. Thus, Utah's tolling statute will *not* toll the statute of limitations in nonresident motor vehicle cases that fall within the Act. But in cases not involving a statutorily appointed agent, or not involving an agent within Utah, an out-of-state defendant is deemed "absent" from the state and the tolling statute tolls the applicable statute of limitations.

¶ 30 Larson contends that *Snyder* initially departed from the plain language of the tolling statute and that *Lund* overruled our

**19.** *See Gass v. Hunting,* 561 P.2d 1071 (Utah 1977); *Buell v. Duchesne Mercantile Co.,* 64 Utah 391, 231 P. 123 (1924); *Keith–O'Brien Co. v. Snyder,* 51 Utah 227, 169 P. 954 (1917).

**20.** 51 Utah 227, 169 P. 954 (1917).

**21.** *Id.* at 956.

**22.** *Id.* at 955–56.

**23.** *Id.* at 956.

**24.** *Id.* at 955; *see also Buell,* 231 P. at 124 (following *Keith–O'Brien's* interpretation of the tolling statute).

**25.** 561 P.2d 1071 (Utah 1977).

**26.** *Id.* at 1072.

**27.** *Id.*

**28.** 15 Utah 2d 254, 390 P.2d 915 (1964).

**29.** 938 P.2d 285 (Utah 1997).

**30.** *Snyder,* 390 P.2d at 916; *Lund,* 938 P.2d at 289.

**31.** *See* Utah Code Ann. § 41–12a–505 (2005). The version of the Act applicable in *Snyder* appointed the Secretary of State as the agent to receive service of process for nonresident motorists. *Snyder,* 390 P.2d at 916; Utah Code Ann. § 41–12–8 (1953).

**32.** Utah R. Civ. P. 4(e)(1) (emphasis added).

decision in *Keith–O'Brien.* He focuses on the following language that we used in *Lund:*

> We ... hold that under section 78–12–35 the statute of limitations will *not* be tolled when a defendant is out of the state, as long as he is still amenable to service of process in the state of Utah.[33]

¶ 31 Larson argues that *Lund's* holding is broad and is not explicitly limited to cases that fall within the Nonresident Motor Vehicle Act. Thus, Larson urges us to apply this precise language in the case before us. He maintains that he has always been ."amenable to service of process" pursuant to Utah's long-arm statute and therefore the tolling statute should not apply in this case. Larson also notes that in *Lund* we cited with approval two cases that held the statute of limitations was not tolled where a defendant was amenable to service of process by virtue of the state's long-arm statute.[34]

¶ 32 Further, Larson points out that in *Lund,* in the paragraph following our "broad" holding, we stated that "[our] position is consistent with the majority of states which hold that the statute of limitations will not be tolled against a defendant who leaves the state after the cause of action arose but who is still amenable to process within the state." [35] Once again, Larson argues that this statement is broad and suggests that in *Lund* we aligned ourselves with the majority position. Indeed, in *Lund* we proceeded to elaborate on the majority view, recognizing that it likely best served the purposes of both the tolling statute and the statute of limitations.[36]

¶ 33 We reject Larson's characterization of our holding in *Lund.* First, in *Lund,* we did not expressly overrule *Keith–O'Brien* or

*Gass.* Before we rendered our holding, we stated that "[o]ur decision in *Snyder* is applicable here." [37] We continued, "Even if [the defendant] had departed from the state, he was still subject to service of process pursuant to the nonresident motor vehicle act. Thus, under our [prior] decision in *Snyder,* section 78–12–35 would not operate to toll the statute of limitations." [38] This language limits *Lund* to the plain-language application we established in *Snyder* for cases involving the Nonresident Motor Vehicle Act. In *Snyder,* we held that a nonresident motorist was not considered "absent" from the state under the tolling statute because the Act appoints an agent within the state to receive service of process and therefore the applicable statute of limitations will not be tolled.[39]

¶ 34 Second, we noted in *Lund* that in *Keith–O'Brien, Buell v. Duchesne Mercantile Co.,*[40] and *Gass,* we held that the tolling statute tolls the applicable statute of limitations where a defendant leaves the state, thus setting apart our *Lund* decision as an alternative to this general outcome.[41]

¶ 35 Third, Justice Howe's concurring opinion in *Lund* expressly limited *Lund* to its facts.[42] He maintained that a purpose-driven discussion of the tolling statute in a broader sense should be pursued only when that question is actually posed to the court.[43] He stated that the discussion in *Lund* should be limited to those cases that involved the Nonresident Motor Vehicle Act.[44] We are inclined to agree with Justice Howe's approach.

¶ 36 Ultimately, our well-settled precedent controls in this case. All of our previous decisions apply the plain language of the tolling statute. In *Keith–O'Brien* and *Gass,* we held that the tolling statute tolls the

---

33. *Lund,* 938 P.2d at 290 (emphasis added).

34. See *Lipe v. Javelin Tire Co.,* 96 Idaho 723, 536 P.2d 291, 294 (1975); *Bray v. Bayles,* 228 Kan. 481, 618 P.2d 807, 810 (1980) (superseded by statute).

35. *Lund,* 938 P.2d at 290.

36. *Id.* at 291.

37. *Id.* at 289.

38. *Id.*

39. *Snyder v. Clune,* 15 Utah 2d 254, 390 P.2d 915, 916 (1964).

40. 64 Utah 391, 231 P. 123 (1924).

41. *Lund,* 938 P.2d at 290.

42. *Id.* at 292 (Howe, J., concurring).

43. *Id.*

44. *Id.*

applicable statute of limitations where a defendant leaves the state and is thus "absent." In *Snyder* and *Lund*, we held that the tolling statute does *not* toll the applicable statute of limitations where a defendant leaves the state because the Nonresident Motor Vehicle Act expressly provides an agent to receive substitute service of process and therefore, in a legal sense, a defendant is not "absent" from the state. These latter two decisions are limited to cases that fall within the Nonresident Motor Vehicle Act. Therefore, because Olseth's claim does not invoke the Act, we apply a straightforward application of the tolling statute to her claim. As a result, in this case the tolling statute *does toll* the four-year statute of limitations *even* where Larson was amenable to service of process pursuant to Utah's long-arm statute.

## IV. APPROPRIATE DEFERENCE TO THE LEGISLATURE

¶ 37 We note that other courts have adhered to the plain language of their respective tolling statutes, despite a likely conflict with the states' long-arm statutes. The California Supreme Court and the Texas Supreme Court are two examples.[45] Both courts refused to hold that the tolling statutes of those states were inoperative even when a departed defendant was still amenable to service of process within the state.[46] These courts "recognized that it was the legislature's prerogative to establish statutes of limitations and to provide for instances in which their running should be tolled."[47]

¶ 38 We agree that applying the tolling statute's plain language shows the appropriate deference to the Legislature in this case. As Justice Howe noted in his concurring opinion in *Lund*, "Our tolling statute ... does not differ materially from its original enactment in Laws of Utah (1872)."[48] He stated that "with the expansion of means by which jurisdiction can be obtained over a defendant who has left the state, there may not be the same need for our tolling statute as previously existed."[49] But Justice Howe noted his agreement with other courts that observed, "[W]hile there may be valid arguments that tolling statutes are unnecessary when a defendant is amenable to service of process, those arguments must be addressed to the legislature, not to the courts."[50] Additionally, Justice Howe quoted the California Supreme Court: " 'If the Legislature intends that the tolling provision not extend the limitations period whenever the defendant is amenable to jurisdiction, it can easily so state.' "[51]

¶ 39 The Utah Legislature is aware of the tolling statute at issue. Although the Legislature has made minor changes to the text of the original version of the statute, it left its substance unaltered. We presume the Legislature is aware of our case law, which has consistently held that only when the Nonresident Motor Vehicle Act applies will the tolling statute not toll the applicable statute of limitations. If the Legislature wants to change the tolling statute's general application, it is always free to do so.[52] But at this point, the Legislature has accepted our plain-language interpretation of the tolling statute for almost ninety years.

## CONCLUSION

¶ 40 We hold that section 78–12–35 *does toll* the applicable statute of limitations when a person against whom a claim has accrued has left the state of Utah and has no agent within the state upon whom service of process can be made, even where that person

---

45. *See Dew v. Appleberry*, 23 Cal.3d 630, 153 Cal.Rptr. 219, 591 P.2d 509, 512 (1979); *Vaughn v. Deitz*, 430 S.W.2d 487, 489 (Tex.1968).

46. *Dew*, 153 Cal.Rptr. 219, 591 P.2d at 512; *Vaughn*, 430 S.W.2d at 489.

47. *Lund v. Hall*, 938 P.2d 285, 293 (Utah 1997) (Howe, J., concurring).

48. *Id.*

49. *Id.*

50. *Id.*

51. *Id.* at 292 (quoting *Dew*, 153 Cal.Rptr. 219, 591 P.2d at 512).

52. For example, the Illinois Legislature amended its tolling statute so that it would *not* apply to any person who was amenable to service of process in that state. *Lund*, 938 P.2d at 292.

was at all times amenable to service pursuant to Utah's long-arm statute.

¶ 41 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Justice DURRANT's opinion.