2009 UT 88

**Gina M. ARNOLD and Charlie S. Arnold, Plaintiffs and Respondents,**

v.

**David GRIGSBY, M.D., Gary B. White, M.D., and Uintah Basin Medical Center, Defendants and Petitioner.**

No. 20080255.

Supreme Court of Utah.

Dec. 29, 2009.

Roger P. Christensen, Karra J. Porter, Sarah E. Spencer, Salt Lake City, for plaintiffs.

Larry R. White, Paul D. Van Komen, Daniel R. Harper, Salt Lake City, for defendant.

WILKINS, Justice:

¶ 1 Petitioner David Grigsby, M.D. seeks our review of the decision of the Utah Court of Appeals reversing the district court's ruling that the two-year statute of limitations in the Utah Health Care Malpractice Act (the Malpractice Act), Utah Code Ann. § 78–14–4 (2002), was not tolled under Utah Code section 78–12–35 while Dr. Grigsby was residing out of state. We agree with the district court and reverse the court of appeals.

## BACKGROUND

¶ 2 On December 4, 2001, Respondent Gina M. Arnold and her husband brought this medical malpractice action against defen-

dants Gary White, M.D., David Grigsby, M.D., and the Uintah Basin Medical Center in connection with the perforation of Mrs. Arnold's colon and subsequent treatment occurring in July and August 1999.[1]

¶ 3 Following discovery, briefing, and oral argument by the parties, the district court granted a motion by Dr. Grigsby for summary judgment, concluding that the Arnolds' claim was barred as a matter of law by the two-year statute of limitations imposed on claims of medical malpractice under Utah Code section 78–14–4 (2002).[2] The district court found that the statute of limitations on the Arnolds' claim began to run in November 1999 when Mrs. Arnold first became aware of her injury, more than two years prior to the Arnolds' filing of their complaint on December 4, 2001. Further, the court concluded that although, in general, tolling statutes do apply to the Malpractice Act, the out-of-state tolling provision of Utah Code section 78–14–4 did not apply to Dr. Grigsby in this case because he remained amenable to service under Utah's long-arm statute, Utah Code sections 78–27–24 to –25,[3] while he was out of state.[4]

¶ 4 The Arnolds appealed the district court's order to the court of appeals.[5] With regard to tolling, and based on our ruling in *Olseth v. Larson*, 2007 UT 29, 158 P.3d 532, the court of appeals reversed, holding that the out-of-state tolling provision of Utah Code section 78–12–35 [6] did apply to the Malpractice Act's statute of limitations in this case, because the out-of-state defendant, Dr. Grigsby, did not designate an in-state agent to receive service of process in his absence. *Arnold v. Grigsby*, 2008 UT App 58, ¶¶ 23–24, 180 P.3d 188. The court of appeals did not reach the Arnolds' claim that the district court improperly resolved issues of fact as to when the statute of limitations began to run. *Id.*

¶ 5 Dr. Grigsby sought a writ of certiorari, which we granted. The specific question on which we granted review was whether the Utah Health Care Malpractice Act statute of limitations, Utah Code section 78–14–4 (2002), is subject to tolling under Utah Code section 78–12–35 (2002) when a defendant is out of state. After oral argument, we expanded our review to include the question of what application the tolling statute, section 78–12–35, has on the limitation contained in section 78–14–4, and invited the parties to submit supplemental briefs on that question. Both parties submitted additional briefing, and we have reviewed and taken into account those authorities and arguments.

¶ 6 This Court has jurisdiction pursuant to Utah Code section 78A–3–102(3)(a) (2008), which grants the supreme court appellate jurisdiction over a decision of the court of appeals.

## STANDARD OF REVIEW

¶ 7 On a writ of certiorari, this court reviews the decision of the court of appeals, not that of the district court. *John Holmes Constr., Inc. v. R.A. McKell Excavating, Inc.*, 2005 UT 83, ¶ 6, 131 P.3d 199. The application of a statute of limitations is a question of law. *In re Hoopiiaina Trust*, 2006 UT 53, ¶ 19, 144 P.3d 1129. Statutory interpretation is also a question of law. *Sill v. Hart*, 2007 UT 45, ¶ 5, 162 P.3d 1099. We review conclusions of law for correctness, granting the court of appeals' decision no deference. *State v. Casey*, 2003 UT 55, ¶ 10, 82 P.3d 1106.

---

1. For a more detailed factual account of Mrs. Arnold's treatment, see the court of appeals' opinion. *Arnold v. Grigsby*, 2008 UT App 58, ¶¶ 2–8, 180 P.3d 188.

2. The legislature renumbered Title 78 in 2008, resulting in the change of this section to 78B–3–404. For consistency with the court of appeals decision, we cite to the old version. However, we note that our analysis herein is applicable to the renumbered version as well.

3. Renumbered in 2008 as sections 78B–3–205 to –206.

4. Dr. Grigsby moved from Utah in July 2000 to practice medicine in Tennessee.

5. The court certified its order granting summary judgment as final under Utah Rules of Civil Procedure 54(b) and stayed the remaining claims pending the Arnolds' appeal.

6. Renumbered in 2008 as section 78B–2–104.

## ANALYSIS

■ ¶ 8 Our analysis requires consideration of both the tolling statute in Utah Code section 78–12–35, and the provisions of the Malpractice Act, particularly the statute of limitations in section 78–14–4. We begin with the tolling statute, because if it does not apply to the limitation in the Malpractice Act, the district court, and subsequently the court of appeals, was incorrect in its consideration of tolling, notwithstanding that the result it reached may have been correct. If it does not apply, we would not be required to reach the terms of the statute of limitations itself, since no tolling would intervene to extend the limitation period. The remaining question of whether or not the filing by the Arnolds was otherwise beyond the limitation period and therefore barred is not now before us.

¶ 9 If, on the other hand, the tolling statute does apply to the Malpractice Act statute of limitations, the language of the malpractice limitation itself becomes critical and the result may be dictated by the legislature's apparent effort to specifically remove the Malpractice Act from the broad sweep of the tolling statute.[7] Consequently, we begin with the applicability of the tolling statute to the health care Malpractice Act statute of limitations.

¶ 10 Initially, we note that the tolling statute appears as part of Title 78, Chapter 12 of the Utah Code. The general provisions relating to statutes of limitations for various categories of actions also appear as part of the same title and chapter. The language of the tolling statute makes specific reference to the chapter within which it is placed, and reads:

> Where a cause of action accrues against a person when he is out of the state, the action may be commenced within the term *as limited by this chapter* after his return to the state. If after a cause of action accrues he departs from the state, the time of his absence is not part of the time limited for the commencement of the action.

Utah Code Ann. § 78–12–35 (2002) (emphasis added).

¶ 11 In this case, Dr. Grigsby was absent from the state of Utah for a period of time sufficient to allow the Arnolds' filing to be timely if the Malpractice Act statute of limitations was tolled during his absence. The district court concluded that the cause of action against Dr. Grigsby accrued prior to his departure from the state. The Arnolds challenge that conclusion on appeal, but the issue was not reached by the court of appeals because it reversed the district court on other grounds. The question may still need to be reviewed, and addressed, based upon our reversal of the court of appeals on the applicability of the statute of limitations.

¶ 12 If we accept the language of section 78–12–35's first sentence at face value, it certainly appears that the tolling provisions apply only to limitation periods set forth in chapter 12. The phrase "as limited by this chapter" appears to limit the application of the tolling provision to limitations contained in chapter 12 of title 78, so long as the cause of action arose after the defendant left the state. If this analysis is applied, the statute of limitations contained in the Malpractice Act, wholly contained in chapter 14 of title 78, falls outside of the identified field of application for tolling. No tolling would apply if the cause of action arises after the defendant leaves the state.

¶ 13 However, the second sentence of the statute, which sets forth tolling for a cause of action that arises *prior* to the defendant's departure from the state, makes no mention of any confinement to chapter 12. If the cause of action in this case arose, as a matter of law, prior to Dr. Grigsby's departure from Utah, does the absence of the "as limited by this chapter" phrase in the second sentence of section 78–12–35 mean it is not confined to chapter 12 statutes of limitations, or merely that in calculating a limitation imposed by

---

7. The Malpractice Act applies its statute of limitations "to all persons regardless of minority or other legal disability under Section 78–12–36 *or any other provision of the law."* Utah Code Ann. § 78–14–4(2). Dr. Grigsby argues that this language indicates the legislature's intent to remove the Malpractice Act statute of limitations from the sweep of the tolling statute. However, as discussed hereafter, we need not reach this argument.

chapter 12 the tolling simply stops the clock from running during the absence?

¶ 14 A more expansive application of the tolling statute if the cause arises after the defendant departs the state, as contrasted with a cause that arises before departure, requires justification that is not advanced by the parties or the language of the statute. No reasonable difference exists between a cause of action that arises the day before and one that arises the day after a potential defendant departs the state. To specifically allow extended tolling of the statute of limitations for one, and not the other, defies any reasonable explanation. As such, the suggestion that only the first sentence of section 78–12–35 was intended by the legislature to be confined to terms of limitation set forth in chapter 12, and not the second, is not reasonable.

¶ 15 A stopped(-)clock analysis, on the other hand, provides a simple, reasonable, and non-contradictory explanation for the language employed by the legislature in the second sentence. Under the stopped(-)clock approach, only the unexpired term of the statute of limitations remains within which to file the claim after the return of the defendant to the state. That portion of the total term of the limitation that passed prior to the defendant's departure from Utah is not allowed to pass a second time in the overall calculation of the limitation term. The second sentence of section 78–12–35 serves only to make plain that the calculation of any remaining term of limitation is somewhat different for claims arising before the interposition of the toll, and those arising after. This interpretation is consistent with the plain language and the overall purpose of the statute.

¶ 16 The entire limitation period is to commence upon the defendant's return to the state only if the cause arose during his absence. Otherwise, only the remaining limitation time is available after tolling has been applied.

¶ 17 This is the most reasonable and logical interpretation of the interplay of the two sentences in section 78–12–35. As such, no ambiguity arises between the two, and the phrase in the first sentence "as limited by this chapter" can only refer to chapter 12 of title 78, based upon the plain language.

¶ 18 Consequently, section 78–12–35 can play no part in the interpretation of limitations of action contained in chapters and titles other than title 78, chapter 12. If the legislature intended otherwise, the plain language of the tolling statute must be revised to clearly express such an intent. No such intent can be reasonably inferred from the present language, or the other provisions of chapter 12, if they are to be read in harmony.

¶ 19 As we have so often said, when interpreting a statute, we look first to the statute's plain language. *Evans v. State*, 963 P.2d 177, 184 (Utah 1998). We look beyond the plain language only if we find ambiguity. *Id.* "Statutory language is ambiguous if it can reasonably be understood to have more than one meaning." *Id.* If, as here, the challenged language cannot reasonably be understood to have more than one meaning, it is not ambiguous.

¶ 20 The plain language of section 78–12–35 limits the tolling it provides to only those terms of limitation of actions set forth in title 78, chapter 12. It does not apply to the statute of limitations for health care malpractice described in title 78, chapter 14. Consequently, the decision of the court of appeals is incorrect.

¶ 21 Our prior case law is consistent with this analysis. We have held that the tolling provisions of section 78–12–35 should be applied in accord with the plain language of the section. The presence or absence of an authorized agent for service of process does not alter that result, as we recently held in response to the certified question of the United States Court of Appeal for the Tenth Circuit. *Olseth v. Larson*, 2007 UT 29, ¶ 40, 158 P.3d 532.

¶ 22 As part of the supplemental briefing, the parties addressed this question. Dr. Grigsby sees no ambiguity, and would apply the language of section 78–12–35 only to limitations specified in chapter 12. The Arnolds present a differing point of view, and raise concerns that the issue has not been previously considered, either by the district

court or the court of appeals, and suggest that addressing the question now is inappropriate. We understand their concern, but in the interest of correctly interpreting the interplay of the tolling statute and the malpractice limitation upon which both the district court and the court of appeals based their analysis, we find it necessary to address the correct interpretation and application of the tolling statute itself.

¶ 23 By inviting the parties to carefully consider the question and supply us with their legal arguments on the matter through supplemental briefs, we have taken the necessary steps to assure all sides have an opportunity to consider this critical, and purely legal, argument. We have in the past, and no doubt will in the future, rely upon this mechanism for assuring that the rights of the parties to present their views and legal arguments to the court for its consideration are honored, while allowing full examination of the legal questions presented to us for decision.

¶ 24 In point of fact, both the court of appeals and the district court addressed, with more or less specificity, the interplay of the two statutes, and the proper application of the tolling statute. We felt it only fair, however, to alert the parties to the potential of our decision reaching an affiliated issue not specifically raised in our grant of certiorari, and to specifically invite their input on the issue.

## CONCLUSION

¶ 25 Because we conclude that the tolling provisions of section 78–12–35 do not apply to the Arnolds' medical malpractice action against Dr. Grigsby, we reverse the decision of the court of appeals and remand for consideration of other issues raised on appeal that may be necessary for proper resolution of the appeal. In particular, the Arnolds' argument against the district court's interpretation of when their cause of action arose against Dr. Grigsby, if successful, could make their claim filing timely under the Malpractice Act statute of limitations set forth in section 78–14–4, notwithstanding any application of the tolling statute. If they prevail in this argument before the court of appeals,

they may overcome the statute of limitations applicable to medical malpractice claims and be able to move forward with their action.

¶ 26 Reversed and remanded to the court of appeals for consideration of unresolved issues raised on the appeal.

¶ 27 Associate Chief Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Justice WILKINS' opinion.

DURHAM, Chief Justice, concurring:

¶ 28 I concur with the majority's opinion. I write separately, however, because I believe that in making an apparently stylistic change to Utah Code section 78–12–35 (the tolling statute), the legislature may have unintentionally eliminated the tolling of the statute of limitations for medical malpractice actions.

¶ 29 Section 78–12–35 provides:

Where a cause of action accrues against a person when he is out of the state, the action may be commenced within the term *as limited by this chapter* after his return to the state. If after a cause of action accrues he departs from the state, the time of his absence is not part of the time limited for commencement of this action.

Utah Code Ann. § 78–12–35 (2002) (emphasis added). The majority concludes that under this plain language, out-of-state tolling does not apply to medical malpractice actions if the action accrues when the defendant is out of the state. To do so, the majority focuses on the phrase, "as limited by this chapter." It reasons that because of this phrase, the only limitation periods that may be tolled pursuant to this section are those limitations contained in chapter 12. In contrast, the statute of limitations applicable to medical malpractice actions is contained in chapter 14. Because this limitation falls outside of chapter 12, out-of-state tolling, by its plain terms, does not apply. Also, to avoid an unreasonable distinction based on one day, the majority extends the chapter limitation to medical malpractice actions that accrue while a defendant is in the state.

¶ 30 The majority stresses this is the plain language of the statute. I agree. The stat-

ute cannot reasonably be read another way. It is therefore not ambiguous, and this court will not resort to other interpretive tools—in particular, legislative history. *See Summit Water Distrib. Co. v. Summit County,* 2005 UT 73, ¶ 17, 123 P.3d 437.

¶ 31 Nonetheless, I hesitate because this determinative language may have been intended only as a stylistic change. We have noted that "the tolling statute remains materially unchanged from its original enactment." *Olseth v. Larson,* 2007 UT 29, ¶ 25, 158 P.3d 532. The original version of the tolling statute read:

> If where the cause of action shall accrue against a person, he is out of the Territory, the action may be commenced within the term *herein limited,* after his return to the Territory; and if after the cause of the action shall have accrued, he depart the Territory, the time of his absence shall not be part of the time limited for the commencement of the action.

Act of Feb. 16, 1872, ch. XIII, § 23, 1872 Utah Laws 18, 23 (emphasis added). Since 1872, the legislature has made "a few minor changes to [the] text." *Olseth,* 2007 UT 29, ¶ 25, 158 P.3d 532.

¶ 32 In 1987, one of these "minor" changes replaced the phrase "herein limited" with "limited by this chapter." Act of Jan. 28, 1987, ch. 19, § 4, 1987 Utah Laws 310, 311. Arguably, as the Arnolds have emphasized in this case, the legislature intended this to be a stylistic change. Floor debates show that the amending bill had three purposes: (1) eliminate the tolling of statutes of limitation for incarcerated person, (2) redefine insanity to toll statutes of limitations during mental incompetence, and (3) reduce the statute of limitations for 42 U.S.C. § 1983 actions to two years. Senate Floor Debate, S.B. 26, 47th Leg., Gen. Sess. (Jan. 16, 1987); *see also* House Floor Debate, S.B. 26, 47th Leg., Gen. Sess. (Jan. 28, 1987) (identifying the same three purposes). Moreover, the bill's sponsor used a medical malpractice action as an example to explain to other senators the process of tolling. Senate Floor Debate, S.B. 26, 47th Leg., Gen. Sess. (Jan. 16, 1987) (Statement of Senator Lyle W. Hillard).

¶ 33 Today the court's reading of the tolling statute transforms this "minor" change into a material, substantive change. Generally, a plain reading of a statute discerns legislative intent. *S. Utah Wilderness Alliance v. Automated Geographic Reference Ctr.,* 2008 UT 88, ¶ 18, 200 P.3d 643. Yet here, a "minor" change—perhaps intended only to update anachronistic language—now has the consequence of eliminating tolling for a host of limitation periods that lie outside chapter 12, including the statute of limitations for medical malpractice actions. If this consequence was unintended, then the legislature ought to revise section 78–12–35 to make its intent clear under the plain language of the statute.

¶ 34 Associate Chief Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Chief Justice DURHAM'S concurring opinion.